CHARLES LELAND SANDS v. M. C. WILSON.

191 So. 21
Opinion Filed August 1, 1939
Rehearing Denied September 27, 1939

*Carson & Petteway* and *Lewis W. Petteway,* for Plaintiff in Error;

*Blackwell & Walker,* for Defendant in Error.

PER CURIAM.—In April, 1935, Lou Ethel Sands, wife of the plaintiff in error, died at Victoria Hospital in Dade County, Florida. Her death is alleged to have been caused by an overdose of paraldehyde, a narcotic, administered for the purpose of producing "twilight sleep." Miss Mary E. Parrish was the owner and operator of Victoria Hospital and defendant in error was the physician attending Mrs. Sands at the time of her death. He prescribed the paraldehyde which was given by a nurse employed at the hospital.

In August, 1935, plaintiff in error instituted this action against defendant in error for the wrongful death of his wife. Seven pleas were proffered to the declaration but in view of the issue made, the fifth plea is all that we are required to consider. The fifth plea interposed as a defense a release executed under seal by plaintiff in error to Mary

E. Parrish. It, in terms, released her from every claim or demand he may have arising from the death of his wife. The second and fourth pleas were stricken. There was a replication to the fifth, sixth, and seventh pleas, said replication charging defendant with being solely responsible for the death of Lou Ethel Sands. A demurrer to said replication was sustained, the plaintiff withdrew his joinder of issue, declined to plead further, final judgment was entered in favor of the defendant, and plaintiff sued out writ of error.

The parties are not agreed as to the question that is brought up for determination but they do agree that any and all questions raised turn on the interpretation of the release executed by the plaintiff in error to Mary E. Parrish which was detailed in the fifth plea.

Said release was executed by the plaintiff in error exclusively to Mary E. Parrish for a consideration of $1,900 and while somewhat lengthy, the pertinent part is as follows:

"This release covers all claims for loss of services, loss of consortium, hospital, doctor, nursing and medical bills, mental pain and suffering, and all other claims of every kind or character accruing to the undersigned by reason of the death of his said wife while a patient in the hospital, which said death is alleged to have been occasioned by reason of an overdose of paraldehyde."

Plaintiff in error now contends that Mary E. Parrish who administered the paraldehyde to his wife through the nurse, was not the real tort feasor, that the defendant in error was the real tort feasor, that his negligent act in prescribing an overdose of paraldehyde occasioned the death of plaintiff's wife and being so, his (plaintiff's) release of Mary E. Parrish does not release defendant in error. In other words,

the facts in this case, he contends, do not support a joint tort feasor relationship.

The law is settled in this country that where more than one person combine to commit a wrong, all are joint tort feasors and each is responsible for the acts of the other. If the tort is single, there can be but one restitution and the release of one releases all. On the other hand, if separate and independent acts of negligence committed by different persons merge in a single tort, each tort feasor is responsible for the injury. In such cases, the injured party may elect to proceed against any or all the joint tort feasors, the courts will not attempt to apportion the damages. Cooley on Torts (3rd Edition), page 224. If, however, the person injured looks to one of the joint tort feasors and accepts from him a benefit in satisfaction and release, he can go no further. Having been recompensed by one responsible for the tort and having released him, all others who were jointly or jointly and severally liable are released. He cannot have a second satisfaction. Ashcroft v. Knoblock, 146 Ind. 169, 45 N. E. 69.

Defendant in error relies on the theory that if he and Mary E. Parrish, who administered the paraldehyde by her nurse, were joint tort feasors as alleged, that plaintiff in error having executed a release under seal to the latter, is now estopped to assert any claim against the other joint tort feasor. To support this view, he relies on Roper v. Florida Public Utilities Co., 131 Fla. 709, 179 So. 904; Feinstone v. Allison Hospital, Inc., 106 Fla. 302, 143 So. 251; Muse v. DeVito, 243 Mass. 384, 137 N. E. 730; Hubbard v. St. Louis & M. R. Co., 173 Mo. 249, 72 S. W. 1073; Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Hilligross, 171 Ind. 417, 86 N. E. 485; and like cases.

The question of when two or more persons responsible

for the same act are joint tort feasors is one of fact that will be determined by the circumstances of the particular case. If the facts show, as contended by plaintiff in error, that there was not a joint tort feasor relationship between Mary E. Parrish and defendant in error and a release is executed to the former, such a release will not operate to release the latter.

Joint tort feasors are those who have a common part in contributing to a wrong. To make them liable jointly, in order that the release of one releases all, there must be community in the wrong act though such community may not be equal in degree. It is sufficient if the wrong be the product of the joint act but whether committed in concert or in severalty is not material. Concurring negligence must produce the wrong.

The theory upon which the release was executed to Mary E. Parrish was that a nurse employed by her "erroneously and negligently administered the prescription of this defendant and administered unto plaintiff's decedent wife four ounces of paraldehyde instead of four drams as prescribed, four drams being the usual and normal dose, and that as a result of over-dose so given and administered by the said nurse, as an employee of the proprietor of Victoria Hospital, the said Lou Ethel Sands died."

In his second amended declaration (the one on which he seeks recovery here) plaintiff in error charges that defendant in error "did wrongfully, carelessly, negligently and without due regard to her well being and safety, prescribe and cause to be administered to her, the same Lou Ethel Sands, four drams of paraldehyde, which the defendant then and there knew, or by the exercise of reasonable care and diligence, ought to have known, was a new and dangerous drug, that said defendant well knew, or by the exercise of

reasonable care and diligence, ought to have known, that the giving of such a dose of paraldehyde to the said Lou Ethel Sands in her then grave and serious condition was unwise, unwarranted, improper, dangerous, and likely to result in the death of, or serious injury to, the said Lou Ethel Sands."

These two theories are so inconsistent that there cannot be a true basis for recovery on both of them. If it is true that the nurse misinterpreted the prescription and gave four ounces when she should have given four drams of paraldehyde, being the "usual and normal dose" and this resulted in death, then the defendant in error had no part in the wrongful death and cannot be charged with it.

Whether Mary E. Parrish and defendant in error are joint or several tort feasors, the law will not permit the plaintiff in error to treat them as several for the purpose of a release to one, such as was secured here, and then treat them as joint tort feasors for the purpose of an action at law against the other to recover for the same wrong. They will not be adjudicated to have committed the wrongful death by inconsistent means.

If negligence was responsible for the death of Lou Ethel Sands, it was produced by the giving of four ounces instead of four drams of paraldehyde as stated in the release or it was caused by an overdose of paraldehyde as contended in the declaration. No other conclusion can be drawn from the pleadings. Any cause of action based on the former means vanished when the release was executed.

. For the reasons so stated, the judgment below is free from error and is affirmed.

Affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and THOMAS, J. J., concur.

BROWN and CHAPMAN, J. J., concur in conclusion.