452 So.2d 1041 (1984)
Dorothy Ileen HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2003.
District Court of Appeal of Florida, Second District.
July 6, 1984.
*1042 Jerry Hill, Public Defender, and William H. Pasch, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Upon review of the briefs and record on appeal, we find that the appellant has failed to demonstrate that the evidence was insufficient to sustain her conviction for second degree murder. Therefore, we affirm the judgment of guilt.
However, we disapprove of that part of the sentence which requires the defendant to pay restitution, attorney fees, and costs. Section 775.089, Florida Statutes (1983), authorizes a court to impose restitution as part of a sentence. Although the section does not specifically provide for notice and hearing before restitution may be imposed, it clearly contemplates that the trial court shall make determinations as to the defendant's ability to pay, and the amount and method of payment. Similar provisions appear in section 948.03, Florida Statutes (1983), which authorizes the imposition of restitution as a condition of probation. Our supreme court has interpreted the latter section as requiring notice and hearing before restitution may be ordered. Fresneda v. State, 347 So.2d 1021 (Fla. 1977). We believe the same interpretation should be applied to section 775.089. Accordingly, we hold that before restitution may be imposed as part of a sentence pursuant to section 775.089, the defendant must be given notice and an opportunity to be heard.
The imposition of attorney fees and costs is similarly flawed by the failure to afford notice and opportunity to be heard. Notice and hearing are specifically required by section 27.56(7).
Nothing we say here precludes the imposition of restitution and taxing of costs against the defendant after proper notice and hearing. Accordingly, we reverse the sentence imposed on the defendant and remand for resentencing in order to afford the trial court an opportunity to impose restitution and tax costs upon proper notice and hearing to the defendant.
BOARDMAN, A.C.J., and LEHAN, J., concur.