479 So.2d 791 (1985)
Barry Paul GILMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-718.
District Court of Appeal of Florida, Second District.
November 20, 1985.
Rehearing Denied December 19, 1985.
*792 James Marion Moorman, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Acting Chief Judge.
Appellant was convicted of burglary of a dwelling and second degree grand theft. The court determined him to be a habitual felony offender and gave him concurrent twenty-five year sentences. However, second degree grand theft is a third degree felony authorizing a five year maximum sentence which could only be enhanced to ten years. § 775.084(4)(a)3, Fla. Stat. (1983).
Appellant was also ordered to make $1,800 restitution to the victim of his crimes.[1] For reversal of this order, appellant cites Harris v. State, 452 So.2d 1041 (Fla. 2d DCA 1984), in which this court held that before restitution may be imposed as part of a sentence pursuant to section 775.089, Florida Statutes (1983), the defendant must be given notice and an opportunity to be heard. We note, however, that Harris was decided under the 1983 statute in which the determination to order restitution rested within the discretion of the court. Appellant was sentenced under the 1984 amendment to section 775.089 which requires the court to order restitution unless it states reasons not to do so. Hence, defendants such as appellant are now on notice that restitution will be considered as a part of every sentencing, and there is no longer any need for advance notice to be given concerning the possibility of restitution. Since the appellant made no objection when the court announced the requirement of restitution, he was not deprived of an opportunity to be heard.
Appellant's substantive argument concerning the denial of his motion to suppress is without merit.
We affirm appellant's convictions and his sentence for burglary. We reduce his grand theft sentence to ten years. Pursuant to Jenkins v. State, 444 So.2d 947 (Fla. 1984), we also vacate the order requiring appellant to pay $10 to the Crimes Compensation Trust Fund and $2 to the Law Enforcement Training Trust Fund.
SCHEB and SCHOONOVER, JJ., concur.
NOTES
[1] Because of the appellant's indigency, the court provided that the restitution would only have to be paid out of appellant's prison wages and then only if the Department of Corrections permitted such deductions.