GRIMES, Acting Chief Judge.
Appellant was convicted and sentenced on February 25, 1985, for second degree murder and attempted first degree murder for crimes committed on March 28, 1984. As part of his sentence for attempted first degree murder, appellant was ordered to pay $2,500 restitution. The subject of restitution was first raised by the trial judge at sentencing. Appellant argues that the court erred in imposing restitution without advance notice to allow the appellant an opportunity to be heard.
This court in Gilmore v. State, 479 So.2d 791 (Fla. 2d 1985), has recently held that advance notice is no longer required before imposing restitution because section 775.089, Florida Statutes (Supp.1984), provides that restitution shall be considered as a part of every *285 sentencing. We note, however, that appellant committed the crimes before the effective date of the amendment to section 775.-089, October 1, 1984. Ch. 84-363, § 17, Laws of Fla. The statute in effect at the time of the commission of the crime, rather than at the time of sentencing, is the controlling statute. Ellis v. State, 298 So.2d 527 (Fla. 2d DCA), cert. denied, 298 So.2d 411 (Fla.1974). Therefore, the authority for requiring appellant to make restitution was derived from section 775.089, Florida Statutes (1983), which has been interpreted to require notice and an opportunity to be heard before restitution may be imposed as part of a sentence. Harris v. State, 452 So.2d 1041 (Fla. 2d DCA 1984).
We reverse the order of restitution and remand for reconsideration of that issue upon proper notice. Otherwise, the judgments and sentences are affirmed.
CAMPBELL and FRANK, JJ., concur.