487 So.2d 53 (1986)
Robert GILFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 85-753.
District Court of Appeal of Florida, Second District.
March 26, 1986.
*54 James Marion Moorman, Public Defender, and Douglas P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant was convicted of aggravated battery with a deadly weapon and sentenced to two years community control on October 29, 1984. As part of his sentence, appellant was required to pay $20 per month in restitution in an amount to be determined by his probation officer.
An affidavit alleging violation of community control was executed on December 26, 1984. On March 8, 1985, community control was revoked and appellant was sentenced to thirty months incarceration and ordered to pay $15 to the Crimes Compensation Trust Fund and $2 in court costs. He was also ordered to make restitution pursuant to section 775.089, Florida Statutes (1983).
Appellant argues that the trial court erred in imposing restitution and in requiring him to pay court costs and make payment to the Crimes Compensation Trust Fund as a part of his sentence without affording him notice or an opportunity to be heard.
Section 775.089, Florida Statutes (Supp. 1984) provides that advance notice is no longer required before imposing restitution. Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985). However, the controlling statute is that which is in effect at the time of the commission of the crime, rather than at the time of sentencing. Ellis v. State, 298 So.2d 527 (Fla. 2d DCA), cert. denied, 298 So.2d 411 (Fla. 1974).
In the instant case, appellant committed the crime before the effective date of the amendment to section 775.089, which was October 1, 1984. Chapter 84-363, section 17, Laws of Florida. Therefore, section 775.089, Florida Statutes (1983) was still in effect and requires notice and an opportunity to be heard before restitution *55 can be imposed. Gibbons v. State, 479 So.2d 284 (Fla. 2d DCA 1985); Harris v. State, 452 So.2d 1041 (Fla. 2d DCA 1984).
Appellee argues that appellant was not entitled to notice and a hearing before imposition of restitution on revocation of community control since restitution was initially ordered as a condition of appellant's community control and could, therefore, properly be applied to his sentence for violation of community control.
Without addressing the validity of appellee's argument, we note that it was error for the trial court, in its order imposing community control, to order restitution in an amount to be determined by the probation officer since this unlawfully delegates a judicial responsibility to a nonjudicial officer. Fletcher v. State, 405 So.2d 748 (Fla. 2d DCA 1981). It was also error to order appellant, who had been declared indigent, to pay court costs and fees to the Crimes Compensation Trust Fund without proper notice and opportunity to be heard. Jenkins v. State, 444 So.2d 947 (Fla. 1984).
Accordingly, we reverse the trial court's imposition of restitution, payment of court costs and payment to the Crimes Compensation Trust Fund. On remand, if the court determines to order restitution, court costs and payment to the Crimes Compensation Trust Fund, it shall do so only upon proper notice to appellant and an opportunity for hearing.
GRIMES, A.C.J., and LEHAN, J., concur.