502 So.2d 1291 (1987)
Jerry W. JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. BN-38.
District Court of Appeal of Florida, First District.
February 19, 1987.
*1292 Al Millar, Jacksonville, for appellant.
Jim Smith, Atty. Gen., Gregory G. Costas, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of an order denying his motion to correct sentence to eliminate the financial requirements of probation. Appellant contends imposition of $4,500 in court costs as a condition of probation in his amended sentence was improper where those costs were not assessed in the original sentence. We affirm, finding that imposition of costs in the amended sentence was not an improper enhancement of punishment.
Appellant on December 15, 1982 was convicted of the sale or delivery of cocaine, in violation of section 893.13(1)(a)1, Florida Statutes, and sentenced to four years incarceration. He appealed the conviction, and this court affirmed. Appellant then filed a motion to reduce sentence, which the lower court granted, reducing the sentence to five years probation with the special condition that appellant serve 12 months in the county jail and pay $1,300 in court costs, $2,000 in public defender fees, and $1,200 to the Sheriff's Investigatory Fund. Appellant filed a motion to correct sentence, alleging that he was not given credit for three days of jail time served. The court granted the motion. Appellant filed a second motion to correct sentence, alleging the imposition of $4,500 in court costs in the amended sentence improperly increased his sentence.
Florida courts have found impermissible enhancements of punishment where the trial court increased a term of jail or prison time. Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982); Frederick v. State, 405 So.2d 1344 (Fla. 3d DCA 1981); Royal v. State, 389 So.2d 696 (Fla. 2d DCA 1980); Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980); and Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977). We find the imposition of costs as a condition of probation without any increase in the term of jail or prison time is not an impermissible enhancement of punishment.
As a matter of great public importance, we certify to the Florida Supreme Court, pursuant to Fla.R.App.P. 9.125, the following question:
IS THE IMPOSITION OF COURT COSTS AS A CONDITION OF PROBATION IN AN AMENDED SENTENCE AN IMPERMISSIBLE ENHANCEMENT OF PUNISHMENT?
ZEHMER, J., and HALL, J. LEWIS, Jr., Associate Judge, concur.