LEHAN, Judge.
Defendant appeals from the imposition of restitution as a condition of probation. We reverse.
Defendant contends that imposition of restitution as a condition of probation was erroneous because he had been given no notice that the state would seek to impose restitution. The state, citing Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985), argues that the 1984 amendment to section 775.089, Florida Statutes, provides for restitution and that defendant was thereby on notice that restitution would be considered as a part of his sentencing. We disagree with the state. Defendant’s crime in this case occurred before the effective date of the amendment. The amendment therefore does not apply here, and defendant should have been given notice that the state would seek restitution as a condition of probation. See Gilford v. State, 487 So.2d 53 (Fla. 2d DCA 1986).
This cause is reversed and remanded for another hearing on the matter of restitution, at which the defendant will have the opportunity to be heard on the amount of restitution and to raise any objections, including objections to the assessment of the attorney’s fees incurred by the victim which were included in the restitution imposed and to which defendant objects as his second issue on appeal.
RYDER, A.C.J., and CAMPBELL, J., concur.