PER CURIAM.
Thomas Schomers appeals the summary denial of his motion for postconviction relief. We affirm in part and reverse in part.
The first of the two issues raised by Schomers’s motion is without merit, and the trial court properly denied relief on that ground. However, we find the second issue facially sufficient. Schomers was charged in a three-count information with conspiracy to traffic in cocaine, delivery of cocaine, and possession of cocaine. Upon a plea of guilty he received a prison sentence for count one, to be followed by probation for counts two and three. Now he claims that the plea was entered to count one of the information only, and thus no penalty, probation or otherwise, should have been imposed for the two remaining charges. The trial court, denying Schomers’s motion, failed to attach sufficient evidence from the record to refute this claim. Accordingly, we must reverse for further proceedings pursuant to rule 3.850, Florida Rules of Criminal Procedure.
After remand the trial court should determine the exact nature of the plea agreement and, if Schomers’s version is correct, should vacate the two terms of probation. If the court again denies the motion, it should confirm that Schomers’s plea was entered to all three counts of the information, or that the split sentence was within the scope of the plea and was imposed solely with respect to count one. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain further appellate review.
Affirmed in part, reversed in part, and remanded with instructions.
DANAHY, A.C.J., and HALL and THREADGILL, JJ., concur.