528 So.2d 1347 (1988)
Leo C. GRICE, Appellant,
v.
STATE of Florida, Appellee.
No. BT-165.
District Court of Appeal of Florida, First District.
August 8, 1988.
*1348 Michael E. Allen, Public Defender, and David P. Gauldin, Sp. Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and William A. Hatch, Asst. Atty. Gen., Tallahassee, for appellee.
BOOTH, Judge.
This cause is before us on appeal from an order amending and correcting appellant's sentence by requiring him to pay restitution as a condition of probation. The issue is whether the trial court improperly increased appellant's sentence by ordering him to pay restitution after appellant began serving his original sentence.
During a domestic disturbance on November 4, 1986, appellant displayed a knife and refused to surrender it to a police officer. Appellant grabbed the officer by the shoulder and threw him to the ground. An information charged appellant with battery of a law enforcement officer and resisting arrest without violence. The police officer stated in his deposition that he had been injured as a result of appellant's actions but that he had no out-of-pocket expenses due to his work-connected benefits.
Appellant pleaded no contest on January 27, 1987. The trial court, pursuant to plea negotiations, withheld adjudication on the battery count and placed appellant on 18 months' probation, ordering him to serve 50 hours of community service and to receive alcohol counseling and treatment. The trial court also adjudicated appellant guilty of resisting arrest and placed appellant on six months' probation to run concurrently with the probation in the battery count. The recommended guidelines sentence was any nonstate prison sanction. No one mentioned restitution at the sentencing hearing.
On March 2, 1987, the State filed a motion to correct sentence. The motion alleged that shortly after imposition of appellant's sentence, the State received a request for $1,427.15 in compensation which the City of Pensacola paid in medical bills and in workmen's compensation claims as a result of the police officer's injury at the hands of appellant. The motion requested the trial court to correct appellant's sentence by requiring appellant to make restitution as mandated by Section 775.089, Florida Statutes.
The trial judge held a hearing on March 20, 1987. He found that appellant's sentence was incomplete as a result of misinformation that both parties labored under or simply because the court failed to delve into the matter and abide by the statute requiring restitution to the victim. The *1349 trial court entered an order correcting appellant's sentence and requiring him to pay restitution to the City of Pensacola in the amount of $1,427.15.
In 1984, the Legislature amended Section 775.089, Florida Statutes, to require the trial court to order restitution unless reasons exist not to order same. That section now reads, in pertinent part:
775.089 Restitution. 
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds reasons not to order such restitution. Restitution may be monetary or non-monetary restitution. The court shall make the payment of restitution a condition to probation in accordance with s. 948.03.
(b) If the court does not order restitution, or orders only partial restitution, under this section, it shall state on the record the reasons therefor.
... .
(4) If a defendant is placed on probation or paroled, any restitution ordered under this section shall be a condition of such probation or parole. The court may revoke probation, and the Parole and Probation Commission may revoke parole, if the defendant fails to comply with such order.
§§ 775.089(1)(a), (b), and (4), Fla. Stat. (1985).
Section 948.03(1)(e), Florida Statutes, was also amended in 1984 regarding the imposition of restitution as a condition of probation as follows:
948.03 Terms and conditions of probation or community control. 
(1) The court shall determine the terms and conditions of probation or community control and may include among them the following, that the probationer or offender in community control shall:
... .
(e) Make reparation or restitution to the aggrieved party for the damage or loss caused by his offense in an amount to be determined by the court. The court shall make such reparation or restitution a condition of probation, unless it determines that reasons exist to the contrary. If the court does not order restitution, or orders only partial restitution, it shall state on the record the reasons therefor.
The intent of Section 948.03(1)(e), Florida Statutes, is further explained in Section 948.032, Florida Statutes, enacted in 1984, follows:
948.032 Condition of probation; restitution.  If a defendant is placed on probation, any restitution ordered under s. 775.089 shall be a condition of such probation. The court may revoke probation if the defendant fails to comply with such order. In determining whether to revoke probation, the court shall consider the defendant's employment status, earning ability, and financial resources; the willfulness of the defendant's failure to pay; and any other special circumstances that may have a bearing on the defendant's ability to pay.
§ 949.032, Fla. Stat. (1985).
The above-quoted statutes must be read in pari materia with Chapter 921, Florida Statutes. In 1984, the Legislature eliminated Section 921.187(9), Florida Statutes, which gave the trial court discretion to require an offender to make restitution pursuant to Section 775.089, Florida Statutes, as an alternative for the disposition of criminal cases. Replacing that section, is Section 921.187(2), which provides:
The court shall require an offender to make restitution pursuant to s. 775.089, unless the court finds reasons not to order such restitution as provided in that section. If the court does not order restitution, or orders only partial restitution, the court shall state on the record the reasons therefor.
These statutes reflect clear legislative mandate for imposition of restitution as a part of a sentence. In Gilmore v. State, 479 So.2d 791, *1350 792 (Fla. 2d DCA 1985), the court held:
Appellant was sentenced under the 1984 amendment to Section 775.089 which requires the court to order restitution unless it states reasons not to do so. Hence, defendants such as appellant are now on notice that restitution will be considered as a part of every sentencing, and there is no longer any need for advance notice to be given concerning the possibility of restitution.
Section 775.089, Florida Statutes, as amended in 1984, requires the court to consider restitution and to make a record of its determination by order or by statement into the record, as a part of every sentencing.
We hold that the sentence imposed without reference to the restitution requirement was incomplete and subject to modification by the court under Rule 3.800, Florida Rules of Criminal Procedure, which provides in part as follows:
(a) A court may at any time correct an illegal sentence imposed by it... .
(b) A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, [probation] a legal sentence imposed by it within sixty days after such imposition... .
That rule allows the court at any time to correct an illegal sentence or to reduce a legal sentence or modify it so as to include probation provisions, but does not authorize the increase of a legal sentence. Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982).
Appellant argues that the restitution requirement constituted an increase in his sentence and was, therefore, impermissible. We hold to the contrary. The requirement of restitution is similar to the imposition of costs by amended sentence, which this court has upheld in Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987), ruling as follows:
Florida courts have found impermissible enhancements of punishment where the trial court increased a term of jail or prison time. [citations omitted] We find the imposition of costs as a condition of probation without any increase in the term of jail or prison time is not an impermissible enhancement of punishment.
Similarly, restitution, a mandated part of sentencing, does not constitute an enhancement of punishment, and the trial court properly performed its duty in correcting the incomplete sentence. We find it unnecessary to determine whether the original sentence was illegal or merely incomplete and subject to modification, because the motion for correction was timely under either provision of Rule 3.800, and the modification to provide for restitution was not an enhancement of punishment.
AFFIRMED.
WIGGINTON, J., concurs.
ZEHMER, J., dissents with written opinion.
ZEHMER, Judge (dissenting).
When the trial court granted the state's motion to modify sentence under rule 3.800, it unlawfully increased appellant's sentence by adding the requirement that defendant also pay restitution to the city. That order should be reversed and the imposition of restitution vacated.
Nothing in the statutory provisions relating to restitution, as amended in 1984, "reflect[s] clear legislative mandate for imposition of restitution as a part of a sentence," as stated in the majority opinion at page 1350. Sections 775.089, 948.03, 948.032, and 921.187, Florida Statutes (1985), cited in the court opinion, leave the imposition of restitution as part of a criminal sentence to the discretion of the trial judge and only require that if full restitution is not ordered, the trial judge shall state on the record the reasons for not doing so.
Nor does Gilmore v. State, 479 So.2d 791 (Fla. 2d DCA 1985), indicate that section 775.089, as amended in 1984, "deprives the *1351 trial court of discretion over restitution and mandates the trial court to require restitution as an essential part of every sentence." The court in that case merely observed that since the 1984 amendment, which requires the court to either impose restitution or state on the record reasons for not doing so, places every defendant on notice that henceforth restitution is to be considered at every sentencing, "there is no longer any need for advance notice to be given concerning the possibility of restitution." 479 So.2d at 792. The court upheld the imposition of restitution without prior notice to the defendant because he had not made an appropriate objection thereto at the sentencing hearing.
Rule 3.800(b), under which the state proceeded to have the sentence originally imposed modified to add restitution, contemplates only a modification that reduces the overall sentence at the request of the defendant. It does not authorize the increase of a legal sentence, as the majority properly notes. Farber v. State, 409 So.2d 71 (Fla. 3d DCA 1982). Since the imposition of restitution remains discretionary with the trial judge, the addition of restitution after the original sentence had been reduced to judgment constituted an impermissible increase in sentence. The original sentence was neither illegal nor ineffective because the trial court failed to consider the statutory requirements relating to restitution at the time of sentencing or state on the record his reasons for not imposing it.
The decision in Johnson v. State, 502 So.2d 1291 (Fla. 1st DCA 1987), upon which the majority relies for the proposition that the restitution imposed was not an enhancement of punishment, is not apposite to the facts before us in this case. In Johnson the defendant (not the state) filed a motion for reduction of sentence after his conviction had been affirmed on appeal, as is explicitly authorized by rule 3.800. The trial court granted the defendant's motion and reduced his sentence of four years incarceration to five years probation with special conditions that he serve 12 months in county jail and pay $4,500 in specified costs. No costs had been assessed when Johnson was originally sentenced to four years incarceration. Both the trial court and this court rejected Johnson's contention that the imposition of these costs as a condition of probation amounted to an impermissible enhancement of the original punishment. In view of the overall reduction in the amount of punishment from that which had originally been imposed, we simply concluded that the imposition of these costs as a condition of probation in return for a substantial reduction of the term of imprisonment did not amount to impermissible enhancement. Nothing like the issue in Johnson is involved in this case. The imposition of restitution after the original sentence was not in exchange for a reduction in term of imprisonment; it was added to the sentence already imposed. Once the original sentence had been imposed and the defendant had started serving it, that sentence could not be enhanced, even to correct an oversight on the part of the judge if the oversight did not render the sentence illegal.
I would, therefore, reverse and vacate the imposition of restitution.