ORDER ON APPELLEE’S MOTION TO DISMISS
PER CURIAM.
MacLeod pleaded nolo contendere to DUI causing serious bodily injury, a third degree felony. On June 21, 1990, he was sentenced to 120 days in the county jail to be followed by five years of probation. The trial court expressly reserved jurisdiction on the question of restitution. On July 31, 1990, an order was entered which denied the State’s motion for restitution. This order found that a release executed by the victim’s guardian in a civil proceeding acted as a bar to restitution. The provisions of the release and the legislative intent of Florida’s restitution statute, § 775.-089, Fla.Stat. (1989), were analyzed and discussed by the trial court. The State filed a timely notice of appeal and has served an initial brief that argues the trial court incorrectly denied the motion for restitution.
The appellee now moves to dismiss this appeal for lack of jurisdiction. It is argued that Florida Rule of Appellate Procedure 9.140(c)(1)(I) is the only possible authority for this appeal and it authorizes review of an illegal sentence. MacLeod contends that an order which denies restitution is not part of an illegal sentence. Appellee relies on this court’s opinion in State v. Martin, 577 So.2d 689 (Fla. 1st DCA 1991). Appellee contends that the trial court here did not impose an illegal sentence. Rather, the trial court entered an order which complies with section 775.089(1)(b), Florida Statutes (1989), by setting forth the reasons for denying restitution. Appellee points out that in the initial brief the State has characterized the order on appeal as an abuse of discretion, which contradicts any theory that this is an illegal sentence.
The State opposes the motion to dismiss. Appellant takes the position that the failure of the trial court to order restitution resulted in an illegal sentence appealable under Rule 9.140(c)(l)(I). Restitution is a mandatory part of sentencing and must be imposed absent clear and compelling reasons for refusing to do so. Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988). As the State does not view the trial court’s reasons as clear or compelling, it argues that MacLeod’s sentence is illegal. Restitution is required under these circumstances under both sections 775.089(1)(a) and 775.-089(2). Appellant distinguishes the Martin case, arguing that it is not controlling in *703 these proceedings. The State asks, in the alternative, that if the order is found to be not appealable, that this court treat this proceeding as a petition for a writ of certio-rari.
This appears to be a question of first impression and our research has revealed no prior instances of a State appeal of a restitution order. We agree with appellant that the Martin case is distinguishable but it does not necessarily follow that this order is appealable. In Martin the trial court first entered a restitution order outside the 60 day time limitation provided for by Florida Rule of Criminal Procedure 3.800(b). When the defendant successfully moved to strike the restitution order on this jurisdictional basis, the State took an appeal. This court found that it did not have jurisdiction. In the instant case, the trial court acted within the 60 day window provided for by Rule 3.800. This court is therefore presented with the question for the first time of whether the State may seek review of the trial court’s order on restitution where no jurisdictional defect was present in the lower tribunal.
We find that the trial court’s order does not result in an “illegal sentence” even if this court were to agree with the State that the trial court’s reasons for denying restitution were insufficient. This proceeding is not unlike a defendant’s attempt to appeal an order denying a Rule 3.800(b) motion for mitigation of sentence. Such orders have been held not appealable because the granting of relief is discretionary with the trial court. Johnson v. State, 543 So.2d 1289 (Fla. 4th DCA 1989).
We do not reach the question of whether the State could obtain review of an order denying restitution where no reasons are given by the trial court for its ruling. Where, as here, the trial court gives reasons, we find no authority for this court to review them by appeal. We also find that review by writ of certiorari is not available to the State. Jones v. State, 477 So.2d 566 (Fla.1985). We therefore grant appellee’s motion and the appeal is dismissed for lack of jurisdiction.
DISMISSED.
SHIVERS, C.J., and JOANOS and ZEHMER, JJ., concur.