600 So.2d 1096 (1992)
STATE of Florida, Petitioner,
v.
David Michael MacLeod, Respondent.
No. 78553.
Supreme Court of Florida.
April 30, 1992.
Rehearing Denied July 21, 1992.
Robert A. Butterworth, Atty. Gen., James W. Rogers, Bureau Chief, Asst. Atty. Gen. and Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Mark King Leban of the Law Offices of Mark King Leban, P.A., Miami, for respondent.
OVERTON, Justice.
The State seeks review of State v. MacLeod, 583 So.2d 701 (Fla. 1st DCA 1991), in which the district court held that the State may not appeal an order denying restitution because that order does not result in an illegal sentence. The district court certified *1097 the following question as one of great public importance:
WHETHER A TRIAL COURT'S ORDER DENYING A MOTION FOR RESTITUTION PURSUANT TO SECTION 775.089, FLORIDA STATUTES (1989) MAY BE APPEALED BY THE STATE.
Id. at 703. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. For the reasons expressed, we answer the question in the negative and approve the decision of the district court.
MacLeod was charged with DUI causing serious bodily injury, a third-degree felony, to which he entered a plea of no contest. At his sentencing hearing, the State sought restitution pursuant to the provisions of section 775.089, Florida Statutes (1989), as part of MacLeod's sentence. That statute reads, in pertinent part:
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant's offense, unless it finds clear and compelling reasons not to order such restitution. ...
(b) If the court does not order restitution, or orders restitution of only a portion of the damages, as provided in this section, it shall state on the record in detail the reasons therefor.
(Emphasis added.) On July 31, 1990, the trial court entered an order denying the State's motion for restitution, expressly finding that "the defendant has fully satisfied his financial obligations to the victim." The court also found that the release executed by the victim's guardian in a civil proceeding acted as a bar to restitution.
The State appealed and, in response, MacLeod filed a motion to dismiss. The district court dismissed the appeal for lack of jurisdiction, finding that the trial court's order denying the State's motion for restitution was not an appealable order when the trial court gave specific reasons for its denial of restitution.
We have repeatedly held that the State's right to appeal is not a matter of right and is purely statutory. Ramos v. State, 505 So.2d 418 (Fla. 1987); State v. Creighton, 469 So.2d 735 (Fla. 1985); Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947). The State's authority to appeal is now set forth in sections 924.07 and 924.071, Florida Statutes (1989). These sections read as follows:
924.07 Appeal by state. 
(1) The state may appeal from:
(a) An order dismissing an indictment or information or any count thereof.
(b) An order granting a new trial.
(c) An order arresting judgment.
(d) A ruling on a question of law when the defendant is convicted and appeals from the judgment. Once the state's cross-appeal is instituted, the appellate court shall review and rule upon the question raised by the state regardless of the disposition of the defendant's appeal.
(e) The sentence, on the ground that it is illegal.

(f) A judgment discharging a prisoner on habeas corpus.
(g) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure.
(h) All other pretrial orders, except that it may not take more than one appeal under this subsection in any case.
(i) A sentence imposed outside the range recommended by the guidelines authorized by s. 921.001.
(j) A ruling granting a motion for judgment of acquittal after a jury verdict.
(2) An appeal under this section shall embody all assignments of error in each pretrial order that the state seeks to have reviewed. The state shall pay all costs of such appeal except for the defendant's attorney's fee.
924.071 Additional grounds for appeal by the state; time for taking; stay of cause. 
(1) The state may appeal from a pretrial order dismissing a search warrant, suppressing evidence obtained by search and seizure, or suppressing a confession or admission made by a defendant. The appeal must be taken before the trial.

*1098 (2) An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for that purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense.
(Emphasis added.) Our case law clearly establishes that section 924.07 is the only basis upon which the State may appeal as a matter of right and that appeals can be taken only in the express categories contained in section 924.07. State v. Creighton, 469 So.2d 735, 737 (Fla. 1985) (order granting motion for judgment of acquittal "is not among the rulings set out in the statute and thereby identified as appealable by the [S]tate in criminal cases"); Ramos v. State, 505 So.2d 418 (Fla. 1987) (State's cross-appeal cannot survive appellant's voluntary dismissal of main appeal); State v. Jones, 488 So.2d 527 (Fla. 1986) (State may not appeal an order discharging affidavit of violation of probation). In the instant case, the State alternatively sought review by certiorari, which the district court below denied. We also note that the district court did not reach the question of review if the trial court had denied restitution without stating any reasons.
Clearly, section 924.07 does not specifically provide an appeal for a denial of an order of restitution. Section 924.07(1)(e) does, however, provide that the State may appeal from an "illegal" sentence. The State argues that, since the trial judge denied restitution, MacLeod's sentence is illegal. The State further asserts that a prior insurance settlement for the victim's injury is not a proper ground to bar it from seeking restitution for a victim of this type of offense.
Florida's restitution statute, section 775.089(1)(b), Florida Statutes (1989), provides that "[i]f the court does not order restitution ... it shall state on the record in detail the reasons therefor." The statute clearly allows the trial judge to deny restitution, provided the reasons for the denial are set forth. In the instant case, the trial judge stated his reasons for the denial of restitution. We conclude that the State has no statutory right of appeal in this instance; we approve the district court's decision; and we hold that the failure to order restitution under these circumstances does not result in an "illegal" sentence.[1]
Accordingly, the decision of the district court is approved and the certified question is answered in the negative, in circumstances where the trial judge has set forth reasons for the denial of restitution.
It is so ordered.
SHAW, C.J., and McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Other district court decisions which are consistent with our holding include State v. Martin, 577 So.2d 689, 690 (Fla. 1st DCA) (trial court's order striking previously imposed restitution requirement "is not an order which may be appealed by the [S]tate pursuant to [the statute and rule]"), review denied, 587 So.2d 1329 (Fla. 1991); Dailey v. State, 575 So.2d 237, 238 (Fla. 2d DCA 1991) (characterizing sentence not imposing restitution as "incomplete" but not "illegal"); State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990) (trial judge's order failing to include restitution, without stating its reasons for not doing so, does not result in illegal sentence); Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988) (failure to order restitution results in "incomplete" sentence).