PARKER, Judge,
specially concurring.
I concur because of the supreme court’s decision in MacLeod v. State, 600 So.2d 1096 (Fla.1992). In MacLeod, the supreme court concluded that the state has no statutory right to appeal a trial court’s order which denies restitution in a criminal case “provided the reasons for the denial are set forth.” MacLeod, 600 So.2d at 1098. Because no right of appeal exists, no right of review by certiorari exists. See Jones v. State, 477 So.2d 566 (Fla.1985).
I write separately to point out that the restitution statute, section 775.089(l)(b), Florida Statutes (1989), as interpreted in MacLeod, appears to me to deny a victim of a crime the right of appellate review of a trial court’s denial of restitution from the criminal defendant if the trial judge lists any reasons, right or wrong, for a denial of restitution.
This case is an example. Here, the victim’s daughter, the defendant John Ashley, *744 and two other defendants participated in grand theft of the victim’s property. All four were charged with grand theft. The state alleged that the daughter and another female stole firearms and a safe containing money and jewelry. The state further alleged that Ashley took the money contained in the safe and that a fourth defendant, Kenneth Holt, took the firearms. The victim waived restitution as to his daughter and the other female defendant, but he sought $42,000 restitution from Ashley and Holt. The victim testified that he believed Ashley had kept all of the money. All but one firearm was recovered. Both Ashley and Holt agreed to pay restitution as a part of the plea agreement. In denying restitution to the victim from Ashley, the trial court stated:
[T]hat the victim, Louis Burton, waived restitution as to codefendant’s [sic] Trin-da Burton [victim’s daughter] and Katrina Ashley. According to Sands v. Wilson, [140 Fla. 18] 191 So. 21 (Fla.1939), a waiver as to one tortfeasor waives all. Thus, Mr. Burton is deemed to have waived restitution as to this Defendant.
I believe that the trial court’s reason for denying restitution is not the law in Florida. At common law, in both civil and criminal cases, when two or more persons acted in concert, each would be liable for the entire result. See W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 52 at 346 (5th ed. 1984). Also, at common law, the release of one of two tortfea-sors who had acted in concert necessarily released the other. See id. § 49 at 332. As noted by Prosser, most states have abolished by statute the common law rule relating to release. Florida is no exception.
The supreme court held in 1975 that section 768.041(1) “abolished the common law rule that a release of one or more tortfea-sors operates as discharge of all other tort-feasors who may be liable for the same tort.” Jones v. Gulf Coast Newspapers, Inc., 595 So.2d 90, 91 (Fla. 2d DCA) (citing Sun First Nat’l Bank v. Batchelor, 321 So.2d 73 (Fla.1975)), review denied, 602 So.2d 942 (Fla.1992). Hence, the trial court was not bound by Sands, which was decided in 1939.
Further, there is authority permitting one defendant who acted in concert with others in committing the crime to pay the total amount of restitution. See Spivey v. State, 531 So.2d 965, 966 (Fla.1988) (trial court has the discretion either to require that one defendant pay the full amount of restitution or to apportion restitution among the defendant and others acting in concert with him “according to the culpability of each”); Pollreisz v. State, 406 So.2d 1297 (Fla. 1st DCA1981) (not an abuse of discretion to prorate restitution; only one of two codefendants can be required to pay full value of aggregate thefts).
My concern is that in criminal cases, MacLeod established the state of the law in Florida and deprives a victim of a right to appellate review if a trial judge, as here, denies that right of restitution for the wrong reason. Although the argument can be made that a victim still can bring a civil action for recovery, such an expenditure of time, court costs, and attorney fees would seem to penalize further the victim. Because MacLeod remains the law, it apparently will take the legislature to establish a right to appellate review for a victim of a crime who is denied wrongly restitution.