PER CURIAM.
The State appeals an order denying restitution. We reverse.
Appellee, Stephen Nagumey, entered a no contest plea to two counts of aggravated battery with a deadly weapon. At the plea conference, the State requested the trial court to reserve jurisdiction on the restitution issue to allow time for the victim to collect and organize the estimated four to five thousand dollars in medical bills. The State indicated the restitution hearing could be held prior to the defendant’s transfer to the state prison. The trial judge denied the State’s request. In the written order denying restitution, the trial judge found restitution inapplicable on the sole grounds that he had denied the State’s request to reserve jurisdiction for restitution. By refusing to reserve jurisdiction, the trial court effectively denied the victim his statutory right to restitution. See § 775.089(l)(a), Fla. Stat. (1995).
Section 775.089(l)(a) provides that the trial court must order restitution, unless it finds clear and compelling reasons not to do so. If the trial court does not order restitution, it must state on the record the reasons therefor. § 775.089(1)(b)1; see State v. MacLeod, 600 So.2d 1096, 1097-98 (Fla.1992).
In the instant case, the trial court’s reason for denying restitution was not a “clear and compelling” reason. Thus, the trial court abused its discretion in denying restitution. Accordingly, we reverse the order denying restitution and remand the cause for an evi-dentiary hearing on whether to award restitution. See Dailey v. State, 575 So.2d 237, 238 (Fla. 2d DCA 1991); Grice v. State, 528 So.2d 1347, 1350 (Fla. 1st DCA 1988). If the trial court decides not to award restitution, it must provide detailed reasons, on the record, as to why it denied restitution. § 775.089(l)(b)l. If the trial court decides to award restitution, the trial court must resolve any dispute as to the amount or type of restitution by the preponderance of the evidence. § 775.089(7); State v. Hitchmon, 678 So.2d 460, 463 (Fla. 3d DCA 1996).
REVERSED AND REMANDED.
GUNTHER, C.J., and POLEN and FARMER, JJ., concur.