PATTERSON, Judge.
Gary and Diane Najar appeal from a summary judgment in favor of State Farm Fire and Casualty Company which denied them uninsured motorist coverage benefits. We reverse and remand for further proceedings.
Gary Najar was injured when Carolyn Donaldson turned her vehicle into the path of Najar’s vehicle, and they collided. An undetermined number of seconds later, Steven Risner drove a truck owned by Aaron Rents into the rear-end of Najar’s vehicle. The Najars were insured by State Farm. With State Farm’s consent, the Najars settled Gary Najar’s personal injury claim with Donaldson for the policy limits of her insurance coverage. They then settled with Risner and the owner of the truck for less than the policy limits and, in return, gave Risner, the truck owner, and the insurer a general release. The Najars did not seek or receive State Farm’s consent to this settlement. They then brought suit against State Farm for uninsured motorist benefits arising from the Donaldson collision. State Farm defended on the basis that Donaldson and Risner were joint tortfeasors arising out of a single incident and, therefore, the unauthorized settlement with Risner barred recovery. The trial court agreed and granted summary judgment for State Farm.
This result is clearly erroneous. A genuine issue of material fact existed as to whether there was one accident or two, i.e., whether Donaldson and Risner were joint tortfeasors. See Sands v. Wilson, 140 Fla. 18, 191 So. 21 (1939). The Donaldson and Risner vehicles did not collide with one another and, by affidavit, Gary Najar asserted that at least ten seconds separated the two impacts. If the collisions were separate events, then Donaldson and Risner are not joint tortfeasors and the Najars may pursue their uninsured claim as to the Donaldson accident. This factual issue cannot be resolved by summary judgment. See Gomes v. Stevens, 548 So.2d 1163 (Fla. 2d DCA 1989). Therefore, we reverse and remand for a trial on the merits.
Reversed and remanded.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.