577 So.2d 689 (1991)
STATE of Florida, Appellant,
v.
Christopher D. MARTIN, Appellee.
No. 91-526.
District Court of Appeal of Florida, First District.
April 8, 1991.
*690 Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellant.
Phil Patterson, Asst. Public Defender, Tallahassee, for appellee.

ORDER ON MOTION TO DISMISS
PER CURIAM.
Appellee moves to dismiss this appeal, arguing that there is no statutory authority for the state to take an appeal from the order entered by the trial court. We agree that dismissal is proper.
Appellee was placed on probation on November 14, 1989. In the order of probation, the trial court purported to reserve jurisdiction to later impose restitution as a condition of probation. On July 16, 1990, the trial court entered an order requiring appellee to make restitution in the amount of $6,208.47. On November 8, 1990, appellee moved to strike the restitution requirement arguing that the trial court was without jurisdiction to modify the sentence as more than sixty days had run since the sentence was imposed. Rule 3.800(b), Florida Rules of Criminal Procedure. On February 7, 1991, the trial court granted appellee's motion to strike the restitution requirement and the state filed a timely notice of appeal.
Appellee argues that a court cannot enter a sentencing order when it has been divested of jurisdiction. The failure to impose restitution did not make the sentence an illegal one, which would be subject to correction at any time. Instead, the failure to order restitution must be brought to the attention of the trial court and corrected within 60 days. See, State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990); Rule 3.800(a), Florida Rules of Criminal Procedure. The failure to impose restitution does not result in an illegal sentence, only an incomplete sentence which is subject to modification. See, Butz and Grice v. State, 528 So.2d 1347 (Fla. 1st DCA 1988). That modification, however, must be made within 60 days. Here the trial court properly determined that it was without jurisdiction to enter the order imposing restitution and entered an order to correct the illegal sentence. Because the sentence imposed was an illegal one, it could be corrected at any time. Rule 3.800(a), Florida Rules of Criminal Procedure.
The order of the trial court which struck the restitution requirement is not an order which may be appealed by the state pursuant to section 924.07, Florida Statutes (1990) or Rule 9.140, Florida Rules of Appellate Procedure. The state's request for alternative review by certiorari is without merit. No right of review by certiorari exists if no right of appeal exists. Jones v. State, 477 So.2d 566 (Fla. 1985).
This appeal is dismissed for lack of jurisdiction.
SHIVERS, C.J., and ALLEN and WOLF, JJ., concur.