596 So.2d 1276 (1992)
Ivory FAIRWEATHER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1322.
District Court of Appeal of Florida, First District.
April 24, 1992.
*1277 Nancy A. Daniels, Public Defender, and Carol Ann Turner, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Ivory Fairweather has appealed from an order setting the amount of restitution to be paid as a condition of his probation. We affirm.
Fairweather plead nolo contendere to the offense of failure to return a rental car, and received 18-months probation. The probation order, entered March 20, 1990, imposed restitution as a condition of probation, but the court reserved jurisdiction to set the amount. One year later, on March 18, 1991, the trial court modified Fairweather's probation to set the amount of restitution at $1500.
Fairweather moved for rehearing, based on State v. Martin, 577 So.2d 689 (Fla. 1st DCA 1991). In Martin, the trial court placed the appellant on probation on November 14, 1989, and reserved jurisdiction to impose restitution as a condition of that probation. Eight months later, the court entered its order imposing restitution and setting the amount thereof. However, the court later granted the defendant's motion to strike restitution, agreeing that it was without jurisdiction to modify the sentence in that more than sixty days had passed since its imposition. See Rule 3.800(b), Fla. R.Crim.P. (a court may modify a legal sentence imposed by it within 60 days of such imposition).
The state appealed, and the appellee moved to dismiss on the ground that the order was not appealable by the state. This court agreed and granted the motion to dismiss. However, in the course of a brief opinion ruling on the motion, this court approved the trial court's determination that it was without jurisdiction to enter the restitution order. It noted that "the failure to impose restitution does not result in an illegal sentence [subject to correction at any time], only an incomplete sentence which is subject to modification ... within 60 days." Martin at 690 (citations omitted). Fairweather relies on this language to argue that, because the trial court herein set the amount of restitution more than 60 days after entry of the probation order, it was without jurisdiction to do so. We disagree.
In Martin, the trial court reserved jurisdiction, not merely to set the amount of restitution, but to impose restitution as a condition of probation. In the instant case, the trial court imposed restitution as a condition of probation at the time it entered the original March 20, 1990 probation order. It reserved jurisdiction only as to the amount of restitution to be paid. Section 948.03(1)(e), Florida Statutes (1989) does not specify when the court must determine the amount of restitution, which is a procedural matter within its discretion. McCaskill v. State, 520 So.2d 664, 665 (Fla. 1st DCA 1988). A court does not abuse its discretion in leaving determination of the amount of restitution to a future date. Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991).
Based on the foregoing, we find that the trial court had jurisdiction to enter the appealed order and affirm.
MINER and WEBSTER, JJ., concur.