611 So.2d 24 (1992)
Robert Ray KING, Appellant,
v.
STATE of Florida, Appellee.
No. 92-964.
District Court of Appeal of Florida, First District.
December 22, 1992.
*25 Nancy A. Daniels, Public Defender, and Jamie Spivey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Robert Ray King has appealed an order of the trial court modifying his community control by adding a condition that he pay $1197.06 in restitution. We reverse, and remand with directions to strike that condition.
In November 1991, King tendered a plea of nolo contendere to burglary, in return for two years community control. The plea agreement did not address restitution. The court accepted King's plea, and on November 25, 1991, sentenced him to two years community control. The trial judge did not specifically impose restitution as a condition of community control, either orally at sentencing, or in the subsequent written order. The only reference to restitution in the record is the following colloquy at sentencing:

STATE ATTORNEY: Your Honor, I believe we'll need to have a restitution hearing to determine restitution in that case.

COURT: All right. I will reserve thirty days on the issue of restitution.
On March 9, 1992, 105 days later, the trial court held a restitution hearing, and on March 18, 1992, entered an order modifying King's community control to add the condition that he pay $1197.06 in restitution.
King argues that, under State v. Martin, 577 So.2d 689 (Fla. 1st DCA 1991), the trial court had no jurisdiction to modify his community control, in that it did so after the 60-day period for modifying a legal sentence set forth in Rule 3.800(b), Florida Rules of Criminal Procedure. The state counters that the colloquy quoted above can fairly be read, not as a reservation of jurisdiction to impose restitution, but rather only to determine the amount thereof, permissible outside the 60-day limit. See Fairweather v. State, 596 So.2d 1276 (Fla. 1st DCA 1992). The state also notes that King did not raise the expired time limit at the March 1992 restitution hearing, and therefore did not preserve the issue for our review.
Addressing the last argument first, we note that the Martin court has denominated a similar out-of-time modification "an illegal sentence." Martin at 690. It is well-established that no objection is required to raise the issue of an illegal sentence on direct appeal. Williams v. State, 591 So.2d 948, 950 (Fla. 1st DCA 1991), citing Larson v. State, 572 So.2d 1368, 1370 (Fla. 1991). Therefore, King's failure to raise the untimeliness of the modification at the March 1992 hearing does not bar our consideration of the issue on appeal.
On the merits, the state apparently argues that King implicitly accepted the imposition of restitution, and that the 30-day reservation of jurisdiction was therefore seen as pertaining to the amount only. However, not only is the court's language facially insusceptible of this interpretation, i.e., "I will reserve jurisdiction on the issue of restitution," there is nothing in the record *26 which suggests the implicit acceptance of restitution argued by the state. That is, King did not agree to the imposition of restitution as part of his pre-sentencing plea agreement, nor is restitution mentioned in the written community control order.
Based on the foregoing, we find that Martin, and not Fairweather, controls herein. We therefore reverse the March 1992 modification order, and remand with directions to strike the condition of community control that restitution be paid.[1]
JOANOS, C.J., WIGGINTON and WOLF, JJ., concur.
NOTES
[1] We have not overlooked section 948.03(1)(e), Florida Statutes (1991), which provides that the trial court shall make restitution a condition of community control unless it determines that clear and compelling reasons exist to the contrary. We considered the possibility that the trial court's failure to impose restitution at sentencing therefore rendered King's sentence illegal and thus subject to modification at any time. See Rule 3.800(a), Florida Rules of Criminal Procedure. However, the Martin court specifically addressed this issue, holding that "[t]he failure to impose restitution does not make the sentence an illegal one, which would be subject to correction at any time ... only an incomplete [one] which is subject to modification ... within 60 days." Martin at 690 (emphasis supplied). The trial court herein was therefore without jurisdiction to modify King's community control to add a condition of restitution, despite its failure to impose restitution at sentencing as required by section 948.03(1)(e), Florida Statutes.