614 So.2d 600 (1993)
Robert CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 92-2918.
District Court of Appeal of Florida, First District.
February 18, 1993.
*601 Nancy A. Daniels, Public Defender, and David P. Gauldin, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Appellant, Robert Campbell, appeals an order imposing restitution as a condition of probation, on grounds that the trial court lost jurisdiction to require restitution after expiration of the sixty-day period for modification of a legal sentence. See Fla. R.Crim.P. 3.800(b). We agree, and reverse and remand with directions to strike the restitution condition.
On August 19, 1991, appellant signed a written form plea, entering a plea of no contest to the offenses of shooting within a building and carrying a concealed firearm. The record reflects that while intoxicated, appellant fired two shots into the ceiling of Womble's bar. Prior to sentencing on September 26, 1991, appellant's counsel attempted to determine the amount due to repair the damage, but had been unable to do so by the hearing date. Appellant's counsel advised the court that the roof needed to be fixed, and that appellant was willing to fix it. The trial court adjudicated appellant guilty, and placed him on two concurrent two-year periods of probation. In addition, the court stated:
I will reserve jurisdiction on the issue of restitution. If the gentleman doesn't want to come forward, then if he doesn't come forward he doesn't get it. I would impose court costs in the amount of $225, payable over the period of probation.
On August 13, 1992, a restitution hearing was held. At that time, Mr. Womble, the owner of the bar, testified that he had had the roof fixed just a few days prior to the hearing, at a cost of "between three and four hundred dollars." Mr. Womble explained that if the roof had been repaired immediately after the damage occurred, neither the repair nor the cost would have been so extensive.
Appellant testified that he had made several attempts to contact Mr. Womble about the repair. He further stated that "after time had passed and time had passed, he told me that the State had sent him a letter for me not to worry about it, that it was all taken care of." Appellant said that when he finally talked with the bar owner, Mr. Womble told appellant that he did not want appellant to repair the roof himself. A roofer testified that a bullet hole in a tin roof, such as the one at issue here could be repaired in fifteen to twenty minutes, at a cost of $45.00.
The presentence investigation report contained the following notation with respect to restitution:
Mr. Womble was informed that once he obtains an estimate that he should forward them [sic] to the State Attorney's Office if he is requesting restitution. Mr. Womble indicated that he had contact with the defendant's attorney, Randy Murrell, and told him that he would get an estimate to him. He has not done so as of this date.
At the 1992 hearing, appellant's counsel objected to imposition of restitution. Counsel advised the trial court that his notes indicated the court reserved jurisdiction on the issue of restitution, not the amount. Therefore, counsel took the position that the court's jurisdiction expired, and the court no longer had authority to impose a restitution amount. Counsel also objected to the amount claimed by Mr. Womble, asserting that the bar owner had some obligation to limit the damage to his roof by seeing to it that it was repaired timely. Counsel for the state argued contra, asserting *602 the trial court imposed restitution at sentencing, and reserved jurisdiction to determine the amount.
The trial court concluded that jurisdiction had been reserved on the amount of restitution, rather than the issue of restitution. Although agreeing that Mr. Womble should have taken some steps to protect himself, the trial court imposed restitution in the amount of $300.00, to be paid at the rate of $30.00 per month.
It is an established principle that a trial court may reserve jurisdiction to determine the amount of restitution, provided restitution was imposed at sentencing or within the sixty-day modification period set forth in Florida Rule of Criminal Procedure 3.800(b). King v. State, 611 So.2d 24 (Fla. 1st DCA 1992); Fairweather v. State, 596 So.2d 1276 (Fla. 1st DCA 1992); Smith v. State, 589 So.2d 387 (Fla. 1st DCA 1991). The underlying rationale for the principle is that the initial failure to impose restitution does not render the sentence illegal, hence subject to correction at any time. Rather, the failure to impose restitution results in an incomplete sentence, which is subject to modification within sixty days. Fairweather, 596 So.2d at 1277; Brock v. State, 604 So.2d 32 (Fla. 2d DCA 1992).
The trial court's restitution statement at the sentencing proceeding in this case is virtually identical to the restitution statement made by the trial court in King. At the sentencing proceeding in King, the trial judge stated:
All right. I will reserve thirty days on the issue of restitution.
611 So.2d at 25. At the sentencing proceeding in this case, the trial judge stated:
I will reserve jurisdiction on the issue of restitution. If the gentleman doesn't want to come forward he doesn't get it.
Despite appellant's initial acceptance of the restitution obligation, we find no discernible difference between the trial court's restitution pronouncement in this case and that pronounced by the trial court in King. Therefore, we conclude that here, as in King, the trial court reserved jurisdiction to determine whether to impose restitution. Since jurisdiction to determine the restitution issue expired at the end of the sixty-day period specified in rule 3.800(b), Florida Rules of Criminal Procedure, the restitution order must be reversed.
Accordingly, the restitution order requiring appellant to make restitution in the amount of $300.00 is reversed.
BOOTH and WOLF, JJ., concur.