JOANOS, Chief Judge.
Appellant, John D. Boykin, II, appeals an amended order of restitution. He contends the imposition of restitution was improper, because the trial court lost jurisdiction to order restitution. We agree, and remand with directions.
The restitution question in this case arose in the context of a charge of trafficking in stolen property, i.e., a man’s custom-made ring and a man’s gold link chain bracelet. The jewelry was taken when a moving company moved the victims’ property from one residence to another. When the victims reported the theft, they advised police that they suspected the two movers. Five days after the theft was reported, appellant’s girl friend took the items to a jeweler to be sold on consignment. The jeweler recognized the ring as one he had made for the victims, and notified the police.
Subsequently, appellant pled nolo conten-dere to one count of dealing in stolen property. In return for the plea, the state agreed not to pursue any other charges stemming from the incident, including any charge against the possible co-defendant. On June 9, 1992, the trial court adjudicated appellant guilty and placed him on probation for ten years. On June 11, 1992, the prosecutor formally announced a “No Information” with respect to the proposed grand theft charge. On June 18, 1992, the trial court entered an order which states in part: “RESTITUTION IS NON-APPLICABLE IN THIS MATTER.”
On August 11,1992, a restitution hearing was conducted. The victim testified that a man’s ring and a man’s bracelet had been stolen; she stated the bracelet had a fair market value of $100.00, but she was unable to provide evidence as to its claimed value. Appellant’s counsel argued that restitution was inappropriate in this case. Counsel noted that appellant could not be required to pay restitution for the ring, which had been recovered, appellant had not been charged with trafficking with respect to the bracelet, and the theft charge had been dismissed. The trial court pronounced its intent to order restitution in the amount of $100.00. Thereafter, on August 26, 1992, the trial court entered an “Amended Order of Restitution and/or Civil Judgment,” ordering appellant to pay restitution to the victim in the amount of $100.00.
Section 775.089(l)(a), Florida Statutes, provides in part: “[i]n addition to any punishment, the court shall order the defendant to make restitution to the victim for damage or loss caused directly or indirectly by the defendant’s offense, unless it finds clear and compelling reasons not to order such restitution ...” Subparagraph (l)(b) provides that in the event the court does not order restitution, “it shall state on the record in detail the reasons therefor.”
The failure to order restitution at sentencing does not result in an illegal sentence which is subject to correction at any time. See Fla.R.Crim.P. 3.800(a). Rather, such sentence is incomplete, and so subject to modification. State v. Martin, 577 So.2d 689, 690 (Fla. 1st DCA), review denied, 587 So.2d 1329 (Fla.1991). Modifi *825 cation of an incomplete sentence must be made within sixty days. Fla.R.Crim.P. 3.800(b); State v. Martin.
In the instant case, the state acknowledges that restitution was not mentioned at the sentencing proceeding on June 9, 1992, and that on June 18, 1992, the trial court entered an order which arguably provided a reason for denying restitution. Despite the order of June 18, 1992, on August 11, 1992, a restitution hearing was conducted, and at its conclusion, the trial court announced its intent to impose restitution in the amount of $100.00. The state concedes that the trial court’s oral pronouncement imposing restitution occurred outside the sixty-day period for modification. Because the trial court lost jurisdiction to modify the probation order, the cause must be remanded for further proceedings.
Accordingly, this cause is remanded with direction to strike the amended order of restitution.
BARFIELD and KAHN, JJ., concur.