618 So.2d 1364 (1993)
Carla GLADFELTER, Petitioner,
v.
STATE of Florida, Respondent.
No. 80508.
Supreme Court of Florida.
May 27, 1993.
Richard L. Jorandby, Public Defender and Mallorye G. Cunningham, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Michelle A. Smith, Asst. Atty. Gen., West Palm Beach, for respondent.
GRIMES, Justice.
We review Gladfelter v. State, 604 So.2d 929 (Fla. 4th DCA 1992), because of its conflict with State v. Martin, 577 So.2d 689 (Fla. 1st DCA), review denied, 587 So.2d 1329 (Fla. 1991). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Gladfelter pled guilty to driving while intoxicated causing serious bodily injury and to a violation of probation for grand theft. She was sentenced to three years' incarceration followed by two years' probation. As conditions of her probation, she was to obtain fulltime employment within sixty days of her release and to pay restitution. Approximately fifteen months later, after her release from prison, a hearing was held at which she was ordered to pay restitution totalling $5,896.72 to three health-care providers who treated the injured victim.
On appeal, Gladfelter contended that it was error to establish the amount of restitution beyond sixty days after the sentence was imposed. The district court of appeal rejected this contention, reasoning that as long as the requirement to pay restitution was included in the sentence, setting the actual amount of restitution even beyond sixty days was permissible. The court acknowledged conflict with State v. Martin which had held on similar facts that Florida Rule of Criminal Procedure 3.800(b) precluded the entry of an order *1365 determining restitution more than sixty days after sentencing.
We agree with the court below. Because restitution was made an original condition of the probation, the court could properly determine the amount of restitution at a later date. We do not construe rule 3.800 as requiring this to be done within sixty days. Section 948.03(8), Florida Statutes (1989), authorizes the modification of the terms and conditions of probation at any time. This is not a case in which a new condition of probation was added. See Clark v. State, 579 So.2d 109 (Fla. 1991) (absent proof of a violation, the court cannot change an order of probation by enhancing the terms thereof).
We also see no objection to requiring the restitution to be paid to the health-care providers who treated the victim injured by Gladfelter's driving. Section 775.089(2), Florida Statutes (1989), provides that where an offense has resulted in bodily injury to a victim, a restitution order should be entered requiring the defendant to pay the costs of necessary medical and related services.
We disapprove State v. Martin to the extent that it conflicts with this opinion. We approve the decision of the court below.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.