625 So.2d 471 (1993)
STATE of Florida, Petitioner,
v.
Rickey Faye SANDERSON, Respondent.
No. 81454.
Supreme Court of Florida.
October 7, 1993.
*472 Robert A. Butterworth, Atty. Gen. and Dale E. Tarpley and Peggy A. Quince, Asst. Attys. Gen., Tampa, for petitioner.
James Marion Moorman, Public Defender and Cecilia A. Traina, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for respondent.
McDONALD, Justice.
We review State v. Sanderson, 615 So.2d 275 (Fla. 2d DCA 1993), because of conflict with Savory v. State, 600 So.2d 1 (Fla. 4th DCA 1992), and Smith v. State, 589 So.2d 387 (Fla. 1st DCA 1991). We have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution, and quash the decision under review.
On May 17, 1991 Sanderson pled guilty to one count of grand theft, and the court sentenced him to six months' imprisonment to be followed by one year's probation and ordered that Sanderson pay restitution to the victim. A hearing on the state's motion to determine the amount of restitution was set for June 20, 1991. Because the victim could not attend that hearing and Sanderson would not consent to the amount of restitution requested by the state, the state asked for a continuance. The court granted the continuance, conditioned on the state's filing for a second restitution hearing within sixty days of sentencing. The state filed its second notice of hearing on June 25, 1995, and the second restitution hearing was set for August 8, 1991. On that date the defense objected that it was more than sixty days after May 17th and, therefore, untimely. The trial court agreed and held that unless a restitution hearing is held within sixty days of sentencing the court loses jurisdiction to determine the amount of restitution. The state petitioned the district court for a writ of common law certiorari, which that court denied.
Subsection 775.089(1)(a), Florida Statutes (1991), provides that "the court shall order the defendant to make restitution to the victim for damage or loss caused directly by the defendant's offense." Florida Rule of Criminal Procedure 3.800(b) provides that a legal sentence may be reduced or modified within sixty days after that sentence is imposed. Several district courts, including the instant one, have read rule 3.800(b) to mean that the trial court must determine the amount of restitution within sixty days of imposing sentence or it will lose jurisdiction. E.g., Weaver v. State, 588 So.2d 53 (Fla. 3d DCA 1991); McLaughlin v. State, 573 So.2d 419 (Fla. 2d DCA 1991); State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990). In other cases, however, the courts have affirmed amounts for restitution determined more than sixty days after imposition of sentence. E.g., Savory; Fairweather v. State, 596 So.2d 1276 (Fla. 1st DCA 1992); Smith; Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991); McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988); Villarreal v. State, 516 So.2d 63 (Fla. 2d DCA 1987). This Court recently agreed with the latter line of cases: "Because restitution was made an original condition of the probation, the court could properly determine the amount of restitution at a later date. We do not construe rule 3.800 as requiring this to be done within sixty days." Gladfelter v. State, 618 So.2d 1364, 1365 (Fla. 1993).
Here, both the trial and district courts, contrary to Gladfelter and the line of cases it supports, held that everything concerning restitution must be finalized within sixty days of imposing sentence. We hold, *473 however, that an order of restitution must be imposed at the time of sentencing or within sixty days thereafter. If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period. We assume that a trial court will determine the amount of restitution at the earliest possible date. We approve Savory and Smith, quash the decision under review, and direct the district court to grant the state's petition and reverse the trial court's ruling.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.