RYDER, Acting Chief Judge.
Terrance Simmons challenges an order determining restitution on the grounds that the trial court lacked jurisdiction to enter the order and that.the order was invalid because it did not state the total amount of restitution to be paid. We hold that the lower court had jurisdiction to enter the order, but we reverse and remand for a determination of the amount owed.
The original probation order, rendered on February 4, 1992, included a requirement that Simmons pay restitution “to be set” later. On May 19, 1992, the trial court ordered Simmons to begin paying $100.00 per month restitution, but stated that “the exact amount of restitution will be determined at a later date.” Simmons asserts that a trial court may not reserve jurisdiction to enter a restitution order at a later date, and alternatively argues that, even if the court properly retained jurisdiction, it could not modify his sentence after the 60-day period permitted by Florida Rule of Criminal Procedure 3.800. Our supreme court impliedly rejected Simmons’s first argument and specifically rejected his second in Gladfelter v. State, 618 So.2d 1364 (Fla.1993). We hold that the lower court had jurisdiction to enter the restitution order.
We disagree with the trial court’s decision to set the amount of restitution at a later date. This is a case of grand theft; the value of the items stolen could have been determined at the time of the restitution hearing. Cf. McCaskill v. State, 520 So.2d 664 (Fla. 1st DCA 1988) (amount of restitution ordered for victim’s medical expenses could not be determined because victim was still undergoing treatment). It was an abuse of discretion for the trial court to require Simmons to pay $100.00 a month for an undetermined time toward an undetermined amount.
We remand this case to the trial court to hold a hearing on the amount of restitution owed. We note that the state has the burden of proving, by competent evidence, the amount of the victim’s loss. Thomas v. State, 581 So.2d 992 (Fla. 2d DCA 1991).
Reversed and rerpanded.
PARKER and BLUE, JJ., concur.