629 So.2d 280 (1993)
Paul A. SCOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 93-249.
District Court of Appeal of Florida, Fifth District.
December 17, 1993.
*281 James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carmen F. Corrente, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Paul Scott, pled guilty to attempted first degree murder, aggravated assault and false imprisonment. The plea agreement made no reference to restitution. At the sentencing hearing on November 23, 1992, the court failed to include any restitution. Subsequently, a restitution hearing was held on January 25, 1993. At that time, over objection by defense counsel, the trial court entered two restitution orders, one awarding $1,939.17 to the victims, and the second awarding $14,574.50 to Humana Health Care. On appeal, Scott contends these orders should be reversed because they were entered more than sixty days after sentencing. Fla.R.Crim.P. 3.800(b). We agree with the defendant that the failure of the trial court to impose the orders of restitution within 60 days resulted in its loss of jurisdiction, and we therefore vacate the restitution orders. See Boykin v. State, 617 So.2d 823 (Fla. 1st DCA 1993); Campbell v. State, 614 So.2d 600 (Fla. 1st DCA 1993); Weaver v. State, 588 So.2d 53 (Fla. 3d DCA 1991); State v. Butz, 568 So.2d 537 (Fla. 4th DCA 1990). See also State v. Sanderson, 625 So.2d 471 (Fla. 1993). We reject the state's argument that the 60 day period only begins to run from the filing of the sentence rather than from the date of its imposition. See Fla.R.Crim.P. 3.800(b).
Accordingly, this cause is remanded with instructions to strike the orders of restitution.
REMANDED WITH INSTRUCTIONS.
W. SHARP and DIAMANTIS, JJ., concur.