PER CURIAM.
Joseph Donald Parker [Parker] challenges his sentence, but not the underlying conviction. He argues that restitution was imposed more than sixty days after the original sentencing in violation of Florida Rule of Criminal Procedure 3.800(b) and that the Bay County Work Program fee which the original sentence required him to pay is not authorized by statute.
We conclude that we are without jurisdiction to address Parker’s contentions regarding the Bay County Work Program fee imposed on December 15, 1992 because Parker filed this appeal on March 30,1993, more than thirty days after the judgment and original sentence. Fla.R.App.P. 9.140(b)(2). We agree, however, that the effort to amend the original sentence was ineffectual.
On June 19, 1992, Parker pleaded nolo contendere to a charge of sexual battery and signed a written plea, waiver, and consent form, conditioned on his receiving a eommu- *756 nity control sentence. The court accepted the plea and sentenced Parker on December 15, 1992, to community control for two years followed by probation for thirteen years with several conditions, which included paying a Bay County Work Program fee of $250. Restitution was not imposed either as a condition of probation or otherwise at this hearing.
A restitution hearing was scheduled for January 5, 1993. No transcript of the proceeding scheduled for January 5, 1993 is in the record on appeal, and the State advised that none is available. The clerk’s minutes indicate that the January 5,1993 hearing was continued until March 16, 1993. On March 16, 1993, the trial judge ordered the defendant to pay restitution for workers’ compensation benefits paid to the victim and set the amount at $11,169.00.
The State asks us to infer that restitution was ordered at the January 5, 1993 hearing. At the March 16, 1993 hearing, the trial judge asked, “What amount are you asking for, Mr. [Prosecutor]?” If restitution had not already been imposed, the court would have inquired whether the State sought imposition of restitution, the State argues. We disagree. A sentence or sentencing term should not be inferred from such a record. See King v. State, 611 So.2d 24 (Fla. 1st DCA 1992).
The record does not support the conclusion that restitution was ordered before March 16, 1993. Since that date is more than sixty days from the original sentencing on December 15, 1992, the trial court was without jurisdiction to impose restitution. State v. Sanderson, 625 So.2d 471 (Fla.1993); Scott v. State, 629 So.2d 280 (Fla. 5th DCA 1993); King v. State, 611 So.2d 24 (Fla. 1st DCA 1992); State v. Martin, 577 So.2d 689 (Fla. 1st DCA 1991). The restitution order is REVERSED.
BARFIELD, WOLF and BENTON, JJ., concur.