638 So.2d 610 (1994)
Consuela Michelle McLEMORE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2485.
District Court of Appeal of Florida, First District.
June 23, 1994.
*611 Nancy A. Daniels, Public Defender, Nada M. Carey, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Patrick Martin, Certified Legal Intern, Tallahassee, for appellee.
SHIVERS, Senior Judge.
By this appeal, Consuela Michelle McLemore (McLemore) challenges the trial court's order modifying her original sentence by imposing restitution payments. She argues that the trial court did not have jurisdiction to modify the original order of probation and that the order imposing restitution should be reversed. We agree.
After being charged with two counts of welfare fraud, McLemore signed a written plea agreement by which she agreed to enter a plea of no contest in exchange for a sentence of 24 months probation, 75 hours of community service, payments of restitution, and disqualification of welfare payments for 12 months. At the plea hearing on March 17, 1993, the trial court accepted the plea, imposed concurrent probationary terms of 24 months on each count, and required 75 hours of community service. The court also noted that McLemore agreed to be disqualified from receiving welfare for 12 months. The issue of restitution, however, was not discussed at the hearing, and the court did not orally order the payment of restitution. The court filed a written order of probation, which conformed to the court's oral pronouncement and which was also silent on the issue of restitution.
On June 28, 1993, the State filed a Motion to Correct Sentencing Error, asking the trial court to correct McLemore's sentence by including a condition that McLemore make full restitution as contemplated by the plea agreement. Pursuant to a hearing on this motion, the trial court imposed restitution in the amount of $7,368.98, noting that "[t]he plea agreement specifically requires restitution. Why I overlooked that, I don't know."
On appeal, McLemore argues that the order imposing restitution was improper because it was not authorized under Florida Rule of Criminal Procedure 3.800(b), which allows a court only 60 days after imposition of a legal sentence to modify the sentence. In response, the State argues that the court's omission of the restitution provision was unintentional and that the court's original sentencing order was illegal because it was contrary to the plea agreement. The State argues that under rule 3.800(a), an illegal sentence can be corrected at any time and thus, that the 60 day time limit imposed by rule 3.800(b) is not applicable.
Although an illegal sentence is subject to correction at any time under Florida Rule of Criminal Procedure 3.800(a), this Court has held that a failure to impose restitution does not render a sentence illegal within the meaning of this rule. Campbell v. State, 614 So.2d 600, 602 (Fla. 1st DCA 1993); Brock v. State, 604 So.2d 32, 33 (Fla. 2d DCA 1992). "Rather, the failure to impose restitution results in an incomplete sentence, which is subject to modification within sixty days." Campbell, 614 So.2d at 602. The Florida Supreme Court has also recognized that "an order of restitution must be imposed at the time of sentencing or within sixty days thereafter." State v. Sanderson, 625 So.2d 471, 473 (Fla. 1993). In contrast, if an order of restitution has been entered in a timely manner, i.e. at or within 60 days of the time of sentencing, a trial court may determine the amount of the restitution at a later date, even if that later date runs beyond the sixty day period contemplated in rule 3.800(b). Id. at 472-73.
Other recent cases have also dealt with the issue of whether restitution may be imposed more than sixty days after an original sentencing order. Parker v. State, 634 So.2d 755 (Fla. 1st DCA 1994); Scott v. State, 629 So.2d 280 (Fla. 5th DCA 1993). In each of these cases, the appellate court stated that a failure of the trial court to impose the orders of restitution within 60 days of the original sentences resulted in the trial court's loss of *612 jurisdiction to make the sentence modification.
In contrast to the opinions indicating that a court loses jurisdiction to impose restitution after a period of sixty days from the date of the sentence, an opinion from the Second District Court of Appeal (2d DCA) appears to allow a judge the opportunity to correct a sentence at any time, pursuant to rule 3.800(a), in order to conform the sentence with the conditions contemplated by the plea agreement. Barber v. State, 590 So.2d 527 (Fla. 2d DCA 1991). The 2d DCA in Barber stated that a sentence that is different than one contemplated in the plea bargain is "illegal" as that term is contemplated in Rule 3.800(a). Id. It may be important to note, however, that the Barber case did not involve an order of restitution, but rather involved the parties' understanding in the plea agreement that the various sentences imposed would be concurrent. However, the recent cases from our Court and from the Second District Court of Appeal hold that an order imposing restitution may not be entered after the sixty day time period set forth in rule 3.800(b).
Furthermore, the Barber opinion stands alone in its proposition that a sentence that is contrary to a plea bargain is illegal for purposes of rule 3.800(a). Other opinions from the Second District Court of Appeal and this Court hold that Rule 3.800(a) is reserved for the narrow class of cases in which the sentence imposed can be described as truly "illegal," such as where a penalty is not authorized by law or where the sentence imposed exceeds the statutory maximum for the crime charged. Rouse v. State, 601 So.2d 281, 282 (Fla. 1st DCA), rev. denied, 604 So.2d 487 (Fla. 1992); Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA 1991) (on rehearing en banc), rev. denied, 613 So.2d 5 (Fla. 1992).
Accordingly, we reverse the trial court's order imposing restitution payments and hold that the trial court did not have jurisdiction to enter such an order.
WOLF and DAVIS, JJ., concur.