FULMER, Judge.
The defendant attacks an order of restitution on several grounds, one of which has merit.
After being convicted of two offenses, the defendant was sentenced on May 21, 1992. The written judgment and sentence neither ordered restitution nor retained jurisdiction to determine restitution at a separate hearing. Nevertheless, more than sixty days later, a separate restitution hearing was held and the order of restitution was entered. The state argues that it appears from the entire record that the restitution was orally ordered at the initial sentencing hearing. However, no citation to the record is given. The state further argues that since the defendant did not provide a transcript of the sentencing hearing, the record is insufficient and the appeal must fail. We do not agree. The defendant provided the judgment and sentence, which are the relevant documents. If the state wishes to assert that the judgment and sentence do not conform to the oral pronouncements of the trial judge, it is incumbent upon the state to supplement the record with those portions necessary to support that argument.
The judgment and sentence form contains a standard entry which reads “restitution in accordance with attached order.” This entry was not checked by the court. Other entries in the same section of the form were checked. Since the judgment, on its face, reflects that no restitution was ordered at sentencing, and the restitution hearing was not held within sixty days thereafter, the court was without jurisdiction to enter the challenged order. See State v. Sanderson, 625 So.2d 471 (Fla.1993) (an order of restitution must be imposed at the time of sentencing or within sixty days thereafter and court can determine amount beyond the sixty day *166 period, if an order of restitution has been entered in a timely manner).
Reversed.
PATTERSON, A.C.J., and BLUE, J., concur.