PARKER, Judge.
Andrew J. Evans appeals his judgment and sentence for false imprisonment and the order of restitution. We affirm the conviction and the sentence but remand for a cor *864 rection of the restitution conditions contained in the community control and probation orders.
The trial court sentenced Evans to twenty-four months’ state prison followed by two years’ community control followed by two years’ probation. As a part of the sentence, the trial court ordered Evans to pay restitution in full to the victim. The trial court did not set the amount of restitution at the sentencing hearing. Instead, the trial court ordered that the net proceeds that Evans was to receive from a pending civil action be frozen and subrogated for the benefit of the victim until the amount of restitution is determined.
Initially, we note that the trial court did not err in failing to set the amount of restitution at the sentencing hearing. If the trial court orders restitution at the time of sentencing or within sixty days thereafter, the trial court may determine the amount of restitution at a later date. State v. Sanderson, 625 So.2d 471 (Fla.1993); Gladfelter v. State, 618 So.2d 1364 (Fla.1993). Further, in Evans’s statement provided to the trial court at the time of sentencing, Evans agreed to pay the victim’s costs of counseling and restitution to the extent he was able. Therefore, Evans does not challenge the imposition of restitution. Instead, he argues that the trial court erred in freezing and subrogating any financial award to him arising out of the pending civil case for the benefit of the victim. We conclude, under the circumstances of this case, that the trial court did not err in freezing and subrogating the net proceeds of Evans’s pending civil action.
At the sentencing hearing, the trial court became aware that Evans had a possible recovery due from a pending personal injury case. The trial court stated:
Special conditions of his community control and probation include obtaining his GED, restitution in full to the victim. I’m going to, as a condition, subrogate the net proceeds due this individual on his personal injury case for the benefit of the victim, .... We’re going to send a copy of the court order subrogating the net proceeds, that they be frozen for the benefit of the victim until after the restitution is determined in the court case.
Evans argues that the order of restitution violated certain constitutional principles protecting his right to contract for legal services for the pending civil action. Specifically, he argues that the order impairs his right to pay his attorney’s fees pursuant to the contingency fee agreement he entered with his attorney to prosecute the civil action. We do not disagree with the impairment of contract principles Evans sets forth; however, we conclude that they are inapplicable to the facts in this case. As we construe the trial judge’s pronouncement, the trial judge intended only to freeze the “net proceeds” of the civil case. After considering the entire sentencing colloquy, it is clear that the trial court intended the term “net proceeds” to mean the amount due to Evans following deductions for the attorney’s fees, medical costs, filing fees, and other necessary costs incurred to prosecute the civil case. Thus, we interpret “net proceeds” as that amount Evans could expect to receive after these deductions. The trial court, therefore, did not impair any contractual right Evans possesses.
We, however, are compelled to remand this case to the trial court to conform the restitution portions of the orders of community control and probation with its oral pronouncement. Although the trial court orally ordered that the net proceeds from Evans’s civil case be frozen and subrogated, the restitution conditions of the orders imposing community control and probation state as follows: “Subrogate any personal injury funds for the benefit of the victim until after restitution is determined.” We, therefore, remand for the written orders of community control and probation to be conformed to the oral pronouncement. See Ayers v. State, 651 So.2d 1226 (Fla. 2d DCA 1995).
We affirm the conviction and sentence. We affirm the order of community control except for condition (21). We affirm the order of probation except for condition (17) and remand this case to the trial court to modify those two conditions to comply with *865 the trial court’s oral pronouncement in this case.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.