PER CURIAM.
The appellant challenges orders of restitution entered against him, over defense counsel’s objection, more than sixty days after his disposition hearing. Campbell v. State, 614 So.2d 600 (Fla. 1st DCA 1993). The state responds that the trial court made a timely ruling to order restitution at the April 1995 disposition hearing and reserved jurisdiction merely to determine the amount of restitution, a procedure approved in Gladfelter v. State, 618 So.2d 1364 (Fla.1993), State v. M.C., 666 So.2d 877 (Fla.1995) (approving holding that where trial court merely reserved jurisdiction on question of restitution at hearing and ordered restitution more than 60 days later, orders of restitution had to be reversed), and State v. Sanderson, 625 So.2d 471, 472-73 (Fla.1993). After reviewing the record, we conclude that the trial court abused its discretion in imposing and ordering restitution and entering the restitution orders in December 1995, ie., more than sixty days after the disposition hearing. Accordingly, we vacate the orders of restitution because restitution was not imposed and ordered at the disposition hearing or within sixty days thereafter. Fla.R.Crim.P. 3.800(b); C.B.L. v. State, 682 So.2d 228 (Fla. 1st DCA 1996); C.B. v. State, 647 So.2d 964 (Fla. 2d DCA 1994); Scott v. State, 629 So.2d 280 (Fla. 5th DCA 1993); Campbell, 614 So.2d at 600 (reversing restitution order imposed more than 60 days after sentencing because trial court’s statement “I will reserve jurisdiction on the issue of restitution” constituted merely a decision to reserve jurisdiction to determine whether to impose restitution, rather than a ruling ordering or imposing restitution); King v. State, 611 So.2d 24 (Fla. 1st DCA 1992) (prosecutor’s request, “Your Honor, I believe we’ll need to have a restitution hearing to determine restitution in that case,” and trial court’s response, “All right. I will reserve thirty days on the issue of restitution” did not constitute imposition of restitution, and issuance of restitution order 105 days after sentencing, in violation of 60-day rule, required reversal of restitution order).
The appellant’s written plea and acknowl-edgement of rights form includes a statement of intent to “reserve jurisdiction as to restitution.” The transcript of the disposition hearing reveals that the trial court merely agreed *845 to counsel’s request to “reserve jurisdiction of restitution” in the appellant’s several cases being considered simultaneously. The “Restitution” boxes on the written disposition orders were not checked off. The case at bar is factually distinguishable from A.P. v. State, 558 So.2d 519 (Fla. 5th DCA 1990), where the restitution order was affirmed in light of evidence that the commitment order stated, “Restitution is to be made,” and the transcript of the disposition hearing demonstrated A.P.’s agreement to pay restitution. See Fairweather v. State, 596 So.2d 1276 (Fla. 1st DCA 1992) (trial court had jurisdiction to impose restitution as condition of probation and to reserve jurisdiction to set the amount thereof one year later). Absent an adequate showing, on the record, of the trial court’s ordering or imposing restitution at the disposition hearing, we find no lawful basis for the trial court’s subsequent finding at the restitution hearing that it had ordered or imposed restitution.
VACATING orders of restitution.
WEBSTER, LAWRENCE and MICKLE, JJ., concur.