PER CURIAM.
Appellant, C.A., a juvenile, contends the trial court lacked jurisdiction to impose restitution because it did not enter a written order reserving restitution within sixty days of sentencing. We disagree and affirm.
On June 8, 1995, the trial court accepted C.A.’s plea to a burglary charge with a reservation of restitution. The trial court entered a written order of delinquency and committed C.A. to the Department of Health and Rehabilitative Service. The order did not address the issue of restitution.
At a July 20, 1995 hearing, the court learned of C.A.’s admission to the Eckerd Wilderness Camp. The State requested that a restitution hearing be set and the court orally responded by “reserving restitution” allowing C.A. to remain in the camp without interruption.
Defense counsel was given an opportunity to negotiate the dollar amount of restitution with the victim at an October 5,1995 hearing, but counsel had to confer with C.A. who was still committed at the camp. Thereafter, on December 14, 1995, the defense announced that C.A. had agreed to pay $5,000 restitution, but objected because the court no longer had jurisdiction. Defense counsel conceded that the court reserved jurisdiction, but argued divestiture of jurisdiction by failing to impose restitution within sixty days. The court subsequently issued a restitution order of $5,055.
C.A. argues the trial court did not have jurisdiction because it orally reserved restitution within sixty days of sentencing, rather than entering a written order. We disagree.
Section 775.089, Florida Statutes (1995), and the cases interpreting it, do not require that the order be reduced to writing. See Simmons v. State, 625 So.2d 975 (Fla. 2d DCA 1993); Weckerle v. State, 579 So.2d 742 (Fla. 4th DCA 1991); In re E.J., 438 So.2d 500 (Fla. 4th DCA 1983)(finding no error in a juvenile delinquency case where court made oral statement retaining jurisdiction to reserve restitution, but the written commitment order did not address restitution). “[A]n order of restitution must be imposed at the time of sentencing or within sixty days thereafter. If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period.” State v. Sanderson, 625 So.2d 471, 473 (Fla.1993).
Here, the record is replete with evidence that the • trial court reserved jurisdiction within sixty days of the sentence, and that the defendant was aware of and agreed to restitution as part of the punishment. This is evidenced by the fact that the court accepted the plea agreement in which the State reserved restitution, and the trial court orally stated that it was reserving jurisdiction. Moreover, since the written order did not conform to the trial court’s oral pronouncement reserving restitution, the oral pronouncement prevails over the written form. See, e.g., Trueblood v. State, 635 So.2d 1024 (Fla. 1st DCA 1994); Rada v. State, 656 So.2d 165 (Fla. 2d DCA), rev. denied, 660 So.2d 715 (Fla.1995).
Affirmed.