697 So.2d 1273 (1997)
L.O., a juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 96-2251.
District Court of Appeal of Florida, Third District.
August 13, 1997.
*1274 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, for appellee.
Before NESBITT, GODERICH and GREEN, JJ.
NESBITT, Judge.
L.O., a juvenile, hit a fellow student, breaking the student's tooth. On February 2, 1996, L.O. was found delinquent, and on March 18, 1996 the trial court placed him on a 90 day non-reporting probation. On July 10, 1996, the trial court ordered L.O. to pay $1060.00 restitution for his victim's injuries. L.O. argues that the trial court lacked jurisdiction to impose restitution because the court did not enter a written order of restitution at the time of sentencing or within sixty days thereafter.
Subsection 775.089(1)(a), Florida Statutes (1995), provides in part:
In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode,
unless it finds clear and compelling reasons not to order such restitution.
Florida Rule of Criminal Procedure 3.800(b) provides that a legal sentence may be reduced or modified within sixty days after that sentence is imposed. The supreme court, has made it clear that if restitution is ordered within sixty days of sentencing, the determination of the amount to be paid can be made beyond the sixty-day period. See State v. Sanderson, 625 So.2d 471 (Fla.1993). In C.A. v. State, 685 So.2d 1036 (Fla. 3d DCA 1997) we concluded that an oral reservation of jurisdiction for restitution may meet the above stated statutory requirement, when made within sixty days of sentencing, and made with the defendant's knowledge that his compliance is being ordered.
Here, at the February 2, 1996 trial, in the juvenile's presence, the following statements were made:
MS. ST. PIERRE [THE STATE]: Judge, I ask that the Court reserve jurisdiction for restitution at this time.
MS. BURDEN [DEFENSE ATTORNEY]: Judge, I would ask for a judicial warning in that you can reserve jurisdiction for restitution and we would not object to that.
MS. ALVAREZ: Teresa Alvarez on behalf of the State. We would vehemently object to a judicial warning. This is clearly a case where he hit somebody for no reason that day in the hall.
THE COURT: We'll do a regular
MS. ALVAREZ: Okay.
THE COURT: I'll entertain that at the time we do a regular P.D.R.
At the March dispositional hearing, the following statements were made:
THE STATE: Judge, I believe there was a court-ordered restitution that the Court ordered. I don't see that in this dispo.
....
THE STATE: I have here, out-of-pocket expense was stated in court, sixty dollars, temporarywait a minute, I guess I'd like to set it for a restitution hearing. I have something here about nine hundred dollars for an estimated root canal and sixty dollars for loss of work.
....

*1275 DEFENSE ATTORNEY: Judge, I'd ask that they put it on calendar when they're ready for restitution.
....
THE STATE: Judge, if we could set it for restitution hearing.
THE COURT: Let's set it for a restitution hearing.
The statements made at the February trial alerted L.O. and his counsel to the fact that L.O. would be responsible for restitution. At the March hearing, this obligation was confirmed and the determination of amount, postponed. Relying on Sanderson as well as C.A., we reject defendant's claim that the trial court was without jurisdiction to make the final order of restitution. As we see what transpired, the trial judge made a timely reservation of jurisdiction to award restitution, and therefore there was nothing improper in the court, some months later, setting the exact sum to be paid. We acknowledge that several first district cases have held that such an oral reservation of jurisdiction would be insufficient to satisfy the requirements outlined above and therefore certify the conflict.[1]
Accordingly, we affirm the order under review.
NOTES
[1] See T.W.L. v. State, 684 So.2d 844 (Fla. 1st DCA 1996)(concluding order of restitution not entered in timely manner where trial court agreed merely to "reserve jurisdiction of restitution."), Campbell v. State, 614 So.2d 600 (Fla. 1st DCA 1993)(finding trial court's statement at sentencing hearing "I will reserve jurisdiction on the issue of restitution. If the gentleman doesn't want to come forward he doesn't get it" constituted reservation to determine whether to impose restitution, rather than reservation as to amount of restitution, and thus trial court's jurisdiction to impose restitution expired 60 days after sentencing), and King v. State, 611 So.2d 24 (Fla. 1st DCA 1992)(same effect).