718 So.2d 155 (1998)
L.O., a juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. 91490.
Supreme Court of Florida.
September 10, 1998.
Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Assistant Public Defender, Eleventh Judicial Circuit, Miami, for Petitioner.
Robert A. Butterworth, Attorney General, and Linda S. Katz, Assistant Attorney General, Miami, for Respondent.
SHAW, Justice.
We have for review L.O. v. State, 697 So.2d 1273 (Fla. 3d DCA 1997), wherein the district court certified conflict with several decisions of the First District Court of Appeal.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. *156 Const. We approve the result in L.O. as explained herein.
L.O., a juvenile, hit a fellow student and broke the student's tooth. L.O. was charged with aggravated battery. The trial court held an adjudicatory hearing on February 2, 1996, and found that L.O. had committed simple battery. The court engaged in the following colloquy relative to restitution:
MS. ST. PIERRE [STATE]: Judge, I ask that the Court reserve jurisdiction for restitution at this time.
THE COURT: Yeah, I suppose there's a restitution issue.
I'll do a regularbut, I mean, as long as [L.O.] is, you know, moving toward his high school degree and that's all I would expect. But there is a restitution issue so we'll do a regular disposition.
MS. BURDEN [DEFENSE]: Judge,... you can reserve jurisdiction for restitution and we would not object to that.
....
THE COURT: March 18, okay, [L.O.]. We'll see you back on March 18th.
The trial court held a disposition hearing on March 18, 1996, withheld adjudication of delinquency, and placed L.O. on nonreporting probation for ninety days. As a special condition of probation, the court required L.O. to graduate from high school. The following colloquy occurred concerning restitution:
THE COURT: Okay. So the recommendation is 90-day non-reporting community control, non-reporting probation and we'll do that.
DEFENSE ATTORNEY: Okay. Would you withhold adjudication?
THE COURT: I'll withhold adjudication and make it a 90-day non-reporting
....
THE COURT: We'll make it a condition that he graduate from high school, 90-day non-reporting probation, graduate.
Okay, that's good, [L.O]. Okay, thank you. Okay, [L.O.].
THE STATE: Judge, I believe there was court-ordered restitution that the Court ordered. I don't see that in this dispo.
....
THE STATE: I have here, out-of-pocket expense was stated in court, sixty dollars, temporarywait a minute, I guess I'd like to set it for a restitution hearing. I have something here about nine hundred dollars for an estimated root canal and sixty dollars for loss of work.
UNIDENTIFIED SPEAKER: Judge, this was a simple battery, and I want to see if the root canal is necessary. I'd like to see the dentist.
....
THE STATE: ... Okay. I'd ask for a restitution hearing at a minimum, Judge.
DEFENSE ATTORNEY: Judge, I'd ask that they put it on calendar when they're ready for restitution.
THE STATE: We're ready now.
....
THE STATE: Judge, if we could set it for restitution hearing.
THE COURT: Let's set it for restitution hearing.
....
THE STATE: We're asking for a restitution hearing.
THE COURT: A root canal is a lot of money.
DEFENSE ATTORNEY: No Judge, when they came in, they said it was fifty dollars for a cap and then
....
THE COURT: Well we'll set it for a restitution hearing.
On July 10, 1996, the court held a third hearing and ordered L.O. to pay $1060 restitution to repair the victim's tooth.[2] The district court affirmed and certified conflict with several other district court decisions, wherein the court held that an oral reservation of jurisdiction to determine restitution is *157 insufficient.[3] L.O. asserts that the trial court was without authority on July 10, 1996, to order the $1060 restitution payment and the district court affirmance was error. We disagree.
This Court in State v. Sanderson, 625 So.2d 471 (Fla.1993), interpreted the language of subsection 775.089(1)(a)[4] as it relates to Florida Rule of Criminal Procedure 3.800(c)[5] and held that if a trial court orders restitution within sixty days following sentencing it can set the amount at a later date:
Subsection 775.089(1)(a), Florida Statutes (1991), provides that "the court shall order the defendant to make restitution to the victim for damage or loss caused directly by the defendant's offense." Florida Rule of Criminal Procedure 3.800(b) provides that a legal sentence may be reduced or modified within sixty days after that sentence is imposed....
... We hold, however, that an order of restitution must be imposed at the time of sentencing or within sixty days thereafter. If an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period.
Sanderson, 625 So.2d at 472-73.[6] A prime concern underlying section 775.089 is twofold: to give the perpetrator of a crime an opportunity to make amends, and to make the victim of a crime whole againto the extent it is possible to do so. A positive reading of the statute, as evidenced by our decision in Sanderson, best comports with this goal. Under L.O.'s scenario, on the other hand, if a court were to neglect to recite "magic words" expressly ordering restitution, the court would be without jurisdiction to set the amount later. We note that under this scenario it is not the court or the State that would suffer for the court's neglect, but rather the victim and ultimately the defendant who would not have the opportunity to make amends.
Based on the foregoing, we reaffirm our decision in Sanderson and hold that "if an order of restitution has been entered in a timely manner, a court can determine the amount of restitution beyond the sixty-day period." Id. at 473. Whether an order of restitution has been entered at any particular point is a question of fact and a court's subsequent order setting the amount will be sustained on review if supported by competent substantial evidence in the record. Cf. Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976) ("It is not the function of the appellate court to substitute its judgment for that of the trial court.... The test ... is whether the judgment of the trial court is supported by competent evidence").
The district court in the present case concluded that the trial court and the parties agreed in February and March to the payment of restitution and the sole remaining issue was the amount:
The supreme court, has made it clear that if restitution is ordered within sixty days of sentencing, the determination of the amount to be paid can be made beyond the sixty-day period. See State v. Sanderson, 625 So.2d 471 (Fla.1993). In C.A. v. State, 685 So.2d 1036 (Fla. 3d DCA 1997) we concluded that an oral reservation of jurisdiction for restitution may meet the above stated statutory requirement, when made *158 within sixty days of sentencing, and made with the defendant's knowledge that his compliance is being ordered.
....
... The statements made at the February trial alerted L.O. and his counsel to the fact that L.O. would be responsible for restitution. At the March hearing, this obligation was confirmed and the determination of amount, postponed. Relying on Sanderson as well as C.A., we reject defendant's claim that the trial court was without jurisdiction to make the final order of restitution. As we see what transpired, the trial judge made a timely reservation of jurisdiction to award restitution, and therefore there was nothing improper in the court, some months later, setting the exact sum to be paid.
L.O. v. State, 697 So.2d 1273, 1274-75 (Fla. 3d DCA 1997).
Competent substantial evidence in the record supports the conclusion that L.O. was notified in February that restitution was being imposed, that directive was confirmed at the March hearing, and the amount was finalized in July. The disposition of this issue at the February and March hearings was sufficient to constitute an initial order of restitution under Sanderson, thus giving the court authority under section 775.089 and rule 3.800(c) to set the amount in July. We note that L.O. never objected to the imposition of restitution or to the court's authority to set the amounthe only argued for a lesser amount. He acquiesced throughout the proceedings and then raised for the first time on appeal the issue of the court's authority to set the amount.
Accordingly, we approve the result in L.O. as explained herein.[7]
It is so ordered.
HARDING, C.J., and OVERTON, KOGAN and WELLS, JJ., concur.
PARIENTE, J., concurs in result only with an opinion in which ANSTEAD, J., concurs.
PARIENTE, Judge, concurring in result only.
I do not agree with the majority that the record indicates that restitution was ordered within sixty days of the judgment. I do agree with the Third District that the trial court timely reserved jurisdiction:
The statements made at the February trial alerted L.O. and his counsel to the fact that L.O. would be responsible for restitution. At the March hearing, this obligation was confirmed and the determination of amount postponed. Relying on [State v. Sanderson, 625 So.2d 471 (Fla.1993)], as well as C.A.[v. State, 685 So.2d 1036 (Fla. 3d DCA 1997)], we reject defendant's claim that the trial court was without jurisdiction to make the final order of restitution. As we see what transpired, the trial judge made a timely reservation of jurisdiction to award restitution, and therefore there was nothing improper in the court, some months later, setting the exact sum to be paid.

L.O. v. State, 697 So.2d 1273, 1275 (Fla. 3d DCA 1997) (emphasis added).
The colloquy makes it clear that the defendant was on notice that the State was seeking restitution and never contested an award of restitution. In fact, it was the defendant himself who suggested that the court "reserve jurisdiction" to consider the issuethe very procedure he complains of here. Moreover, the statute makes the award of restitution mandatory unless the trial court finds clear and compelling reasons not to do so. See § 775.089(1)(a), Fla. Stat. (1995).
Rather than making the appellate inquiry on this jurisdictional issue a fact-based one, determined on a case-by-case basis, I would modify the rule that we enunciated in State v. Sanderson, 625 So.2d 471 (Fla.1993), and hold that where a trial court has expressly reserved jurisdiction to consider restitution within sixty days of the original judgment, it may impose restitution beyond the sixty-day period. See State v. M.C., 666 So.2d 877, 878 *159 (Fla.1995) (Anstead, J., specially concurring). Here, because the colloquy reveals that the trial court had reserved jurisdiction to impose restitution, and because the defendant was on notice of and agreed to that reservation, I concur in the result reached by the majority.
ANSTEAD, J., concurs.
NOTES
[1] T.W.L. v. State, 684 So.2d 844 (Fla. 1st DCA 1996); Campbell v. State, 614 So.2d 600 (Fla. 1st DCA 1993); and King v. State, 611 So.2d 24 (Fla. 1st DCA 1992).
[2] The restitution hearing was scheduled and postponed on April 11, 1996; May 24, 1996; and June 17, 1996.
[3] See T.W.L., 684 So.2d at 844-45; Campbell, 614 So.2d at 602; King, 611 So.2d at 25-26.
[4] Section 775.089 states in pertinent part:

775.089 Restitution.
(1)(a) In addition to any punishment, the court shall order the defendant to make restitution to the victim for:
1. Damage or loss caused directly or indirectly by the defendant's offense; and
2. Damage or loss related to the defendant's criminal episode, unless it finds clear and compelling reasons not to order such restitution.
§ 775.089(1)(a), Fla. Stat. (1995).
[5] Rule 3.800 ("CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES") states in pertinent part:

(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition....
[6] We note that L.O. does not argue that section 775.089 requires that the order of restitution be reduced to writing. See § 775.089, Fla. Stat. (1995) ("[T]he court shall order the defendant to make restitution to the victim....").
[7] We also approve C.A. and disapprove T.W.L., Campbell, and King to the extent they are inconsistent with this opinion.