PARIENTE, Judge,
concurring in result only.
I do not agree with the majority that the record indicates that restitution was ordered within sixty days of the judgment. I do agree with the Third District that the trial court timely reserved jurisdiction:
The statements made at the February trial alerted L.O. and his counsel to the fact that L.O. would be responsible for restitution. At the March hearing, this obligation was confirmed and the determination of amount postponed. Relying on [State v. Sanderson, 625 So.2d 471 (Fla.1993) ], as well as C.A.[v. State, 685 So.2d 1036 (Fla. 3d DCA 1997) ], we reject defendant’s claim that the trial court was without jurisdiction to make the final order of restitution. As we see what transpired, the trial judge made a timely reservation of jurisdiction to award restitution, and therefore there was nothing improper in the court, some months later, setting the exact sum to be paid.
L.O. v. State, 697 So.2d 1273, 1275 (Fla. 3d DCA 1997) (emphasis added).
The colloquy makes it clear that the defendant was on notice that the State was seeking restitution and never contested an award of restitution. In fact, it was the defendant himself who suggested that the court “reserve jurisdiction” to consider the issue — the very procedure he complains of here. Moreover, the statute makes the award of restitution mandatory unless the trial court finds clear and compelling reasons not to do so. See § 775.089(1)(a), Fla. Stat. (1995).
Rather than making the appellate inquiry on this jurisdictional issue a fact-based one, determined on a case-by-case basis, I would modify the rule that we enunciated in State v. Sanderson, 625 So.2d 471 (Fla.1993), and hold that where a trial court has expressly reserved jurisdiction to consider restitution within sixty days of the original judgment, it may impose restitution beyond the sixty-day period. See State v. M.C., 666 So.2d 877, 878 *159 (Fla.1995) (Anstead, J., specially concurring). Here, because the colloquy reveals that the trial court had reserved jurisdiction to impose restitution, and because the defendant was on notice of and agreed to that reservation, I concur in the result reached by the majority.
ANSTEAD, J., concurs.