POLEN, C.J.
Ronnie Wallace contends the trial court lacked jurisdiction to entertain the State’s motion to set restitution on May 23, 2001, and hence the two restitution orders entered subsequent to that hearing must be reversed. We agree.
On October 16, 2000, Wallace pled no contest to insurance fraud and grand theft. The trial court accepted his plea, withheld adjudication, and placed Wallace on probation, ordering restitution, with the amount to be determined at a later date. A restitution hearing was duly held on December 6, 2000; Wallace was present, however the State provided the victim was not and therefore they could not proceed at that time. The court orally pronounced, “Okay. State can’t go forward. No restitution. Thank you.” At no time did the State object or move for a continuance. The trial court then entered a written order denying restitution consistent with its oral pronouncements. This order was never appealed by the State.
Thereafter, on January 26, 2001, the State, represented by a new prosecutor, came before the trial court and argued it was now ready to move forward on Wallace’s restitution hearing. After taking the matter under advisement on a number of occasions, finally, on May 23, 2001, the trial court allowed the State to proceed, accepting testimony from the insurance agent who had investigated the underlying claims. Thereafter, the trial court entered two restitution orders, one in the amount of $9,012, payable to State Farm Insurance, and one in the amount of $753.30, payable to the State Department of Insurance Fraud.
Simply, the trial court lacked jurisdiction to entertain, and rule on, the State’s motion to set restitution on May 23, 2001. The State failed to timely appeal the December 6, 2000 order denying restitution. See Fla. R.App. P. 9.140(c)(l)(M); 9.140(c)(3). Arguments advanced by the State now, on this appeal, that that order should never have been entered in the first place, are unavailing. Moreover, while we agree with the general proposition that a trial court generally has jurisdiction to set the amount of previously ordered restitution up until the termination of the defendant’s probation, we disagree with the State’s argument that the trial court could have set the amount of Wallace’s restitution at any time up until the termination of his probation simply because the trial court had originally ordered restitution when it accepted his plea. Cf. Gladfelter v. *208 State, 618 So.2d 1364 (Fla.1993). Here, although the trial court initially ordered restitution, three weeks later it expressly ordered “no restitution,” an order which the State failed to appeal. The entry of this order cannot be ignored. That order was final, that order expressly denied restitution, and that order was never appealed. The trial court lacked jurisdiction to subsequently entertain the State’s motion to set restitution. Accordingly, the two restitution orders entered subsequent to the May 23, 2001 hearing are reversed.
REVERSED and REMANDED.
GUNTHER and HAZOURI, JJ, concur.