611 So.2d 90 (1992)
Douglas V. GILLIAM, Appellant,
v.
STATE of Florida, Appellee.
No. 92-04364.
District Court of Appeal of Florida, Second District.
December 30, 1992.
PER CURIAM.
Douglas V. Gilliam appeals the denial of his motion for a belated appeal. He correctly filed the motion in the trial court under Florida Rule of Criminal Procedure 3.850, alleging ineffective assistance of counsel. State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla. 1990). Mr. Gilliam requested this belated appeal in a form pleading that does not contain all of the information provided by the model form in Florida Rule of Criminal Procedure 3.987.
We do not know the origin of the form used by Mr. Gilliam, but it was designed for use in cases where a belated appeal is the only relief requested. The form is defective. It alleges that "the defendant at all times desired an appeal," but it does not *91 allege that the defendant made a timely request for an appeal, which his counsel failed to honor. See Smith v. State, 592 So.2d 1208 (Fla. 2d DCA 1992).
The trial court correctly denied the motion because of the defect in the form, but it did not give the defendant an opportunity to amend the language of his pleading. Under these circumstances, we affirm the trial court's order without prejudice to a timely, successive motion for belated appeal containing the necessary allegations under oath.
CAMPBELL, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.