651 So.2d 148 (1995)
Brenda G. WEISMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 94-00937.
District Court of Appeal of Florida, Second District.
February 15, 1995.
*149 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Stephen A. Baker, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Brenda G. Weisman appeals the trial court's summary denial of her motion for a belated appeal filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm without prejudice to file a successive legally sufficient motion.
The defendant pleaded guilty to third-degree grand theft. On January 3, 1994, the trial court placed her on five years' probation and ordered restitution. The defendant did not file a notice of appeal within the thirty-day period as required by Florida Rule of Appellate Procedure 9.140(b)(2).
On February 22, 1994, trial counsel filed a rule 3.850 motion seeking a belated appeal based on ineffective assistance of counsel. The motion alleges that the defendant was unable to contact her attorney because the public defender's office was moving from one location to another. This motion was not signed or notarized by the defendant. Although trial counsel's signature is notarized, the motion was not filed "under oath." See Fla.R.Crim.P. 3.987. The trial court denied relief without an evidentiary hearing.
The trial court properly denied the motion for post-conviction relief because it was not under oath as required by rule 3.850(c). Nevertheless, we conclude that the trial court should have afforded Ms. Weisman an opportunity to refile a properly sworn motion for belated appeal. See Gilliam v. State, 611 So.2d 90 (Fla. 2d DCA 1992). Therefore, we affirm without prejudice to defendant filing a legally sufficient motion.
CAMPBELL, A.C.J., and ALTENBERND and QUINCE, JJ., concur.