PER CURIAM.
Appellant, Milton K. Davis, claims his right to a direct appeal was abridged as a result of his attorney’s failure to file a notice with the court as requested by the appellant. We agree.
The State properly concedes that the record reflects defense counsel failed to insure substitute counsel would be appointed following his discharge for the purpose of discussing whether there were any viable issues for an appeal. Furthermore, the record reflects that counsel was discharged immediately following the sentencing proceeding and the issue of whether there might be an appeal was not resolved.
The order discharging trial counsel, as well as statements made at the sentencing hearing, indicate that all concerned contemplated appointing appellate counsel, however one was never appointed. We remand for the purpose of appointing counsel to represent appellant on appeal and to discuss whether an appeal is warranted. See Fla. R.Crim. P. 3.111(e). Appellant shall be granted a belated appeal providing him with 30 days from the date appellate counsel is appointed in which to file the proper notice. See Weisman v. State, 651 So.2d 148 (Fla. 2d DCA 1995); Parker v. State, 634 So.2d 755 (Fla. 1st DCA 1994).
Reversed; remanded with instructions.