EMAS, J.
 

 Appellant, Curtis Anderson (“Anderson”), appeals the trial court’s order denying his petition to file a belated motion for postconviction relief. Anderson alleged that he retained private counsel to timely file a motion for postconviction relief, and that private counsel failed to do so. Anderson sought an evidentiary hearing to establish his entitlement to seek postconviction relief on this basis.
 
 See Steele v. Kehoe,
 
 747 So.2d 931, 934 (Fla.1999) (holding that due process rights entitle a defendant to a hearing on a claim that he missed the deadline to file a rule 3.850 motion because his attorney had agreed to file the motion but failed to do so in a timely manner);
 
 see also
 
 Fla. R.Crim. P. 3.850(b)(3) (permitting the filing of a 3.850 motion beyond the two-year time limitation where defendant retained counsel to timely file a 3.850 motion and counsel, through neglect, failed to do so).
 

 The trial court denied Anderson’s petition because it was unsworn.
 
 See
 
 Fla. R.Crim. P. 3.850(c). Although the trial court was correct in its determination that the motion was legally insufficient, it should have dismissed or stricken the motion and granted Anderson an opportunity to refile a sworn motion within a reasonable period of time.
 
 See Spera v. State,
 
 971 So.2d 754, 761 (Fla.2007) (holding when a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet
 
 *1181
 
 the rule’s pleading requirements, the proper procedure is to dismiss or strike the-motion and allow the defendant at least one opportunity to amend the motion within a reasonable time);
 
 Weisman v. State,
 
 651 So.2d 148, 149 (Fla. 2d DCA 1995) (holding where a defendant files unsworn motion for belated appeal, trial court must afford defendant an opportunity to refile a properly sworn motion).
 

 Accordingly, we vacate the trial court’s order and remand for the trial court to dismiss the motion with leave for Anderson to refile a legally sufficient motion with the proper oath within sixty days from the date this opinion becomes final. If Anderson fails to do so, however, the trial court may deny the motion on the merits.