MORRIS, Judge.
Steven Winston Hartsfield appeals the postconviction court’s order denying his petition for writ of habeas corpus wherein he sought leave to file a belated motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850(b)(3). Because Hartsfield’s petition was timely, we reverse.
In 1994, a jury found Hartsfield guilty of aggravated battery, and the court sentenced him to seven years’ imprisonment. Over eighteen years later, on February 19, 2013, Hartsfield filed this petition seeking leave to file a belated rule 3.850 motion claiming that he retained counsel in 1995 to file a rule 3.850 motion, but counsel failed to do so. See Fla. R. Crim. P. 3.850(b)(3); see also Steele v. Kehoe, 747 So.2d 931, 934 (Fla.1999) (“[D]ue process entitles a prisoner to a hearing on a claim that he or she missed the deadline to file a rule 3.850 motion because his or her attorney had agreed to file the motion but failed to do so in a timely manner.”). Hartsfield’s petition should not have been denied as untimely. See Downs v. State, 135 So.3d 521 (Fla. 5th DCA 2014) (holding that petition filed within two years of the effective date of amendment to rule 3.850(b)(3) was timely but recognizing the State could raise a claim of laches). However, Hartsfield’s petition did not contain the oath required by rule 3.850(c). See Anderson v. State, 67 So.3d 1180, 1181 (Fla. 3d DCA 2011). On remand, the post-conviction court should strike the petition and allow Hartsfield sixty days to file an amended petition with the proper oath. See id.; Fla. R. Crim. P. 3.850(f)(2).
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.